The plaintiff's appeal from the action of the defendant commission in amending its regulations by adding thereto amendment No. 27, entitled "Chapter 4A Design Development Districts," has been met by the defendant's plea in abatement based on its claim that the action was not brought within fifteen days from the date of the decision of the commission as required by §§ 8-9 and 8-8 of the General Statutes.
The chronological chain of events that ultimately resulted in the adoption of the regulations is as follows: Public hearings on proposed amendments, December 14, 1964, and January 12, 1965; public meeting at which the proposed amendments were considered and adopted by the commission and an announcement of the approval of the amendments was made to the interested public in attendance, February 15, 1965; filing of copies of amendments in office of Westport town clerk, February 17, 1965; publication in Westport "Town Crier" of notice of approval of amendments and the filing of same with the town clerk and specifying February 25, 1965, as effective date of amendments, February 18, 1965. *Page 87 
The appeal papers were served on the commission on March 5, 1965. The defendant contends that the appeal period began on February 15, 1965, while the plaintiff's position is that February 18, 1965, is the date from which the appeal period is to be computed. Succinctly stated, it is the contention of the plaintiff that by virtue of § 8-3 of the General Statutes, read in conjunction with §§ 8-9
and 8-8, the decision of the commission was "rendered" by the aforesaid publication of notice of approval and notice of filing with the town clerk on February 18, 1965. The plaintiff further maintains, referring to § 8-7 of the General Statutes, dealing with appeals from zoning boards of appeal, that logic dictates that the legislature did not intend that there should be an inconsistent procedure relative to appeals from the decisions of zoning boards of appeal and zoning boards. The parts of the statutes referred to above, insofar as they are pertinent to the present inquiry, are listed in the footnote.[1]
The procedural process relating to appeals from zoning commissions exists only under statutory authority. Long v. Zoning Commission, 133 Conn. 248. With reference to the plaintiff's claim under § 8-3: The filing of the copy of the regulation with the town, city or borough clerk and the newspaper notice of such filing are conditions precedent to the *Page 88 
regulation's becoming "effective." (The legal advertising prior to a hearing, of course, is not involved in the present case.) That is the sole result which the section of the statute quoted in the footnote seeks to effect by the filing and publication procedure. Expressio unius est exclusio alterius.Connecticut Light Power Co. v. Walsh, 134 Conn. 295.
Nothing under § 8-3, § 8-8 or § 8-9 permits a construction that the fifteen-day appeal requirement (from the date of the decision) under § 8-8 is so linked with § 8-3 that the date of the publication of the notice of approval and the notice of the filing of the regulation must be considered as the day the decision is rendered. Had the legislature intended to have the running of the appeal period contingent upon statutory publication, it would so have legislated. (See, for example, Masone v. Zoning Board,148 Conn. 551, 554 n.)
Relative to the plaintiff's insistence that the legislature could not have intended different procedures in appeals from zoning commissions and zoning boards of appeal: Prior to 1953, appeals from zoning bodies and zoning boards of appeal were governed by the same requirement — fifteen days following the rendering of the decision. Rev. 1949, *Page 89 
§ 844, as amended, Cum. Sup. 1951, § 160b; Rev. 1949, § 845. However, in 1953 a new starting point for the running of the fifteen-day period was approved by the legislature with reference to appeals from zoning boards of appeal, but only when the appeal related to the granting of special exceptions or variances or to a reversal of orders. Cum. Sup. 1953, § 285c; Cum. Sup. 1955, § 378d;Aurora v. Zoning Board of Appeals, 151 Conn. 378. This amendment is now part of § 8-7 of the General Statutes as quoted in the footnote. Since, under this amendment, the filing of the board's action with the town clerk and newspaper notice of such filing had to precede the effective date of the board's action, and since the fifteen-day appeal period ran from such effective date, the amendment afforded a potential appellant added notice through legal newspaper notification. It is interesting to note that the language of this amendment relative to filing and publication is practically identical with the language found in § 282c of the 1953 Cumulative Supplement (as amended, Cum. Sup. 1955, § 375d), now § 8-3 and quoted in the footnote. Also interesting is the fact that it was also the 1953 legislature that amended the zoning statute, via § 282c, to provide for a copy of the regulation to be filed in the clerk's office and newspaper publishing of such filing. The General Assembly is presumed to know the existing statutes and the effect that its action or non action will have upon any one of them. Hartley
v. Vitiello, 113 Conn. 74, 82. Yet the same legislature that amended the zoning board statute and the zoning board of appeals statute saw fit to add to the present § 8-7 the phrase "Appeals from such decisions of the board may be made . . . within fifteen days from the effective date thereof. . . ." However, it did not add the same language to either (what is now) § 8-3, § 8-8 or § 8-9 — a further indication *Page 90 
that the provision for an appeal fifteen days from the date of the decision was to be the standard relative to zoning board cases and zoning boards of appeal matters, with the exception of those types of cases noted above, i.e. the granting of variances or special exceptions and the reversal of orders.
The conclusion of the court is that with regard to the appeals from the three types of decisions of a zoning board of appeals (the granting of variances or special exceptions, and reversals), the fifteen-day period to appeal begins from the effective date of the decision. The legislature, by the phrase in § 8-7
"the time limitations set forth in section 8-8 notwithstanding," indicated that all other classes of appeals from zoning boards of appeal or from zoning boards under §§ 8-8 and 8-9 were to be taken within fifteen days from the date of decision.
The plaintiff argues that unless the statutes are construed to require newspaper publication to antedate the start of the fifteen-day appeal period, much mischief could result if a board reached a decision and withheld publication for more than fifteen days thereafter, thus depriving an aggrieved party, previously ignorant of the existence of the decision, of a right to appeal. It might be well to point out, first of all, that this maneuvering did not take place in the instant matter, nor does the plaintiff make any such assertion. However, if these feared Machiavellian machinations are a possibility, the remedy, if any is needed, rests with the legislature and not with the courts. Swentusky v. PrudentialIns. Co., 116 Conn. 526, 531. As to the plaintiff's claim that logic should dictate equal procedures in appeals from both boards — newspaper publication prior to the commencement of the appeal period — the courts cannot inquire into the expediency, wisdom or justice of legislation, and unless the General *Page 91 
Assembly has violated constitutional limitations, recourse must be had to it rather than to the courts.Moore v. Stamford, 134 Conn. 65, 69.
The decision of the defendant commission to adopt the amendment to its regulations establishing design development districts was made at a public meeting and was announced to the public at this meeting, on February 15, 1965. The commission's decision, therefore, was rendered at that time.Bulkeley's Appeal, 76 Conn. 454. The appeal taken on March 5, 1965, came too late to satisfy the requirements of §§ 8-8 and 8-9 of the General Statutes, not having been taken within fifteen days of the date of the decision.
 The defendant's plea in abatement is sustained.