**Roger VACHON**

v.

**TOWN OF KENNEBUNK.**

Supreme Judicial Court of Maine.

Argued Sept. 13, 1985.

Decided Oct. 9, 1985.

Ward T. Hanscom (orally), Sanford, for plaintiff.

Smith & Elliott, Robert H. Furbish (orally), Saco, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

At the threshold of this appeal taken by plaintiff Roger Vachon from a decision of the Town of Kennebunk's Zoning Board of Appeals (the Kennebunk Board), we must construe the statute that requires any such appeal to be taken "within 30 days after the decision is rendered."[1]  30 M.R.S.A. § 2411(3)(F) (1978). The issue is: For the purpose of measuring the 30-day appeal period, when was the Board's decision "rendered"?

At its public meeting held on January 17, 1983, the Kennebunk Board heard argument from Vachon's attorney and others about the meaning of a provision of the Kennebunk zoning ordinance and then voted 4-to-1 to revoke a land use permit previously issued to Vachon. The chairman of the Kennebunk Board gave notice of that vote in his letter dated January 22, 1983, which merely quoted the motion adopted at the Board's January 17 meeting. Vachon received a copy of that letter on January 24, 1983. He took his appeal from the Board's decision by filing his Rule 80B complaint in the Superior Court (York County) on February 23, 1983. Vachon contends that the Board's decision was "rendered" only when he received the chairman's letter and that therefore his appeal was timely. We reject that contention. Since we hold that the Board "rendered" its decision within the meaning of section 2411(3)(F) when it cast its public vote at its meeting on January 17, Vachon's appeal, taken 37 days later, came too late. The Superior Court erred in entertaining Vachon's appeal on its merits.

In seeking an answer to the question of when the appeal period starts to run, we must first take a close look at the statutory language itself. *Perry v. Hartford Accident & Indemnity Co.*, 481 A.2d 133, 138 (Me.1984). On its face, "rendered," the critical word in section 2411(3)(F), carries the everyday connotation of action by the decisionmakers. A decision is "rendered" when the tribunal makes, gives, or delivers it. *See* "Render," *Webster's New International Dictionary* (2d ed. unabridged 1961). *See also* "Render judgment," *Black's Law Dictionary* (5th ed. 1979). The word "rendered" carries a facial connotation inconsistent with the passive receipt of notice of the decision by some unidentified third party. If the legislature indeed had intended to delay the start of the appeal period until the potential appellant had received notice of the zoning board's decision, it almost certainly would not have picked the word "rendered." Instead, it could very easily have said exactly what it meant by choosing the language it used for appeals from decisions of state administrative agencies: "within 30 days after receipt of notice" by the appealing party. 5 M.R.S.A. § 11002(3) (1979). Thus, looking only at the language of the controlling section, one must con-

---

1. 30 M.R.S.A. § 2411(3)(F) reads in full as follows:

    F. An appeal may be taken, within 30 days after the decision is rendered, by any party to Superior Court from any order, relief or denial [of a zoning board of appeals] in accordance with the Maine Rules of Civil Procedure, Rule 80B. The hearing before the Superior Court shall be without a jury.

clude that the time when "the decision is rendered" is when the zoning board of appeals publicly makes its decision or announces it to the public. As applied to the facts of the case at bar, the Kennebunk Board completed the action of rendering its decision when on January 17 it took its vote at a public meeting attended by the parties, including Vachon; the Board chairman's letter dated January 22 added nothing to that decision. *See Bernard v. Planning & Zoning Commission of the Town of Westport*, 26 Conn.Sup. 85, 213 A.2d 527 (1965) (zoning commission's decision to amend regulations is rendered for the purpose of starting appeal period on date it is announced, even though decision may not take effect until statutory notice is published).

When we broaden the area of our search for the legislative intent, our confidence in the correctness of a facial reading of section 2411(3)(F) is strengthened. Like all other state and local governmental bodies, zoning boards of appeals are subject to the Freedom of Access Law, 1 M.R.S.A. §§ 401–410 (1979 & Supp.1984–1985), and are permitted to make a decision only in public at a public meeting. *Id.,* § 403. In compliance with that legislative requirement, the Kennebunk Board made its decision to revoke Vachon's permit by voting upon a motion made at its public meeting of January 17, 1983. That decision is the one, and the only one, that Vachon seeks to appeal; and under section 2411(3)(F), only parties to that public proceeding of January 17, 1983, are entitled to appeal. We conclude that the legislature intended that, in the factual circumstances of this case, the 30-day appeal period should start to run immediately when the Board took its final public action, both because that time is

easily determined and precisely fixed and because all parties to the public proceeding will ordinarily know of the Board's public vote at the time it is taken.

Other provisions of section 2411 support our rejection of Vachon's attempt to construe subsection 3(F) to mean that the appeal period starts on January 24, 1983, when he received the Board chairman's letter. The last sentence of the preceding subsection 3(E) requires that notice of a zoning board's decision be given only to the "petitioner" and certain municipal agencies.[2] On the other hand, under subsection 3(F) *any* party to the public proceedings before a zoning board may appeal, and must do so "within 30 days after the [board's] decision is rendered." In many, if not most, zoning cases, in addition to the permit applicant, abutters and other interested parties participate in the proceedings before the zoning board and are potential appellants from an adverse board decision. Indeed, in the case at bar the petitioners before the Kennebunk Board were abutting landowners who sought revocation of Vachon's land use permit. It would appear that technically subsection 3(E) did not require that Vachon be given notice of the Board's decision. Thus, the limitation on the notice required by subsection 3(E) negates by clear implication any suggestion that receipt of notice of a zoning board's decision is a prerequisite for the start of the appeal period.

Since Vachon failed to perfect his appeal in timely fashion, he never satisfied the threshold requirement for Superior Court review of the Kennebunk Board's revocation of his land use permit. *Fisher v. Dame,* 433 A.2d 366 (Me.1981).[3]

2. 30 M.R.S.A. § 2411(3)(E) (1978) reads in full as follows:

E. The transcript of testimony, if any, and exhibits, together with all papers and requests filed in the proceeding, shall constitute the record. All decisions shall become a part of the record and shall include a statement of findings and conclusions, as well as the reasons or basis therefor, upon all the material issues of fact,

law or discretion presented and the appropriate order, relief or denial thereof. Notice of any decision shall be mailed or hand delivered to the petitioner, his representative or agent, the planning board, agency or office and the municipal officers within 7 days of their decision.

3. *Fisher v. Dame* involved fact circumstances very similar to those of the case at bar; the appeal had been taken more than 30 days after

The entry is:

Judgment vacated; case remanded to the Superior Court for entry of judgment of dismissal.

All concurring.

both the date of the zoning board's final meeting and the mailing date of the letter notifying appellant of the zoning board's action. *See* 433 A.2d at 370. Without deciding on which date the appeal period commenced to run, we upheld the Superior Court's dismissal of the appeal as untimely. Obviously, it was our implicit assumption that the date of appellant's *receipt* of the notice letter was not a plausible starting point for the appeal period under section 2411(3)(F).