Douglas R. WOODWARD

v.

**TOWN OF NEWFIELD, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 9, 1993.
Decided Dec. 29, 1993.

Carl W. Potvin, (orally), Cooper, Hall, Whittum & Shillaber, Rochester, NH, for appellant.

Christine L. Barner, (orally), Bernstein, Shur, Sawyer & Nelson, Kennebunk, for appellees.

Beth N. Ahearn, Maine Audubon Soc., Falmouth, amicus curiae.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

DANA, Justice.

Douglas R. Woodward appeals from a judgment entered in the Superior Court (York County, *Brennan, J.*) affirming the decision of the Planning Board of the Town of Newfield (the "Board) denying his application for a conditional use permit pursuant to the Newfield Land Use and Zoning Ordinance (the "Ordinance") to build and operate a gravel pit on his property. Because Woodward's appeal from the Board's decision was untimely, we vacate the judgment and remand with instructions to dismiss the appeal.

Woodward owns 300 acres of wooded land in the southeastern portion of Newfield. Approximately 140 acres of the parcel is within the "farm and forest" district of the Ordinance and is also part of a 2,500–acre pitch pine and scrub oak barren, an ecological community known as the Waterboro Barren, that environmentalists have described as the rarest and most threatened forest ecosystem in New England.

In October 1990 Woodward applied for a conditional use permit to construct and operate a gravel pit on five acres of land in the barren. On May 30, 1991, the Board held a public hearing at which Woodward presented evidence and materials in support of his application and various environmental groups offered testimony in opposition. On June 4, 1991, at a continuation of the public hearing and with Woodward's attorney in attendance, the Board voted to deny the conditional use permit. On June 19, 1991, the Board issued its written decision which included findings of fact. On July 17, 1991, Woodward filed his appeal with the Superior Court.

Article VIII, § 2(C)(2) of the Ordinance provides that "an appeal may be taken within thirty (30) days after a decision is rendered."[1] Woodward contends that the Board rendered its decision on June 19, when it issued its written notice of the decision and findings of fact. The Board maintains that the thirty-day appeal period commenced with the public vote on June 4.

---

1. Article VIII, § 2(C) of the Land Use and Zoning Ordinance of the Town of Newfield, Maine adopted March 12, 1988 provides:

   C. Decision
   1. Within thirty (30) days of the public hearing the Planning Board shall reach a decision on a Conditional Use and shall inform, in writing, the applicant, the Code Enforcement Officer and the Municipal Officers of its decision and shall prepare a detailed finding of facts and conclusions.
   2. An appeal may be taken within thirty (30) days after a decision is rendered to Superior Court.

■ The Court has previously addressed this question in *Vachon v. Town of Kennebunk*, 499 A.2d 140 (Me.1985). Because we conclude that the Board rendered its decision when it cast its public vote on June 4, Woodward's appeal, coming forty-three days later, is untimely. The Superior Court erred in entertaining his appeal on the merits.

The facts of *Vachon* parallel the facts here. At a public hearing on January 17, after hearing argument from Vachon's attorney and others, the zoning board voted to revoke a land use permit previously issued to Vachon. Vachon received written notice of the decision on January 24, and filed his appeal on February 23. The controlling statute in that case required that any appeal be taken within "30 days after the decision is rendered." 30 M.R.S.A. § 2411(3)(F) (1978) (now 30–A M.R.S.A. § 2691(3)(G) (Pamph. 1992)).[2] In vacating the judgment of the Superior Court, which had entertained Vachon's case on the merits, we held that the board "rendered" its decision within the meaning of § 2411(3)(F) when it cast its public vote at its meeting on January 17," and therefore Vachon's appeal was untimely. *Vachon*, 499 A.2d at 141. We rejected Vachon's contention that the receipt of the notice of the decision triggered the start of the thirty-day period. In our opinion, we stated clearly:

> The word "rendered" carries a facial connotation inconsistent with the passive receipt of notice of the decision by some unidentified third party. If the legislature indeed had intended to delay the start of the appeal period until the potential appellant had received notice of the zoning board's decision, it almost certainly would not have picked the word "rendered." Instead, it could very easily have said exactly

what it meant by choosing the language it used for appeals from decisions of state administrative agencies: "within 30 days after receipt of notice" by the appealing party.

*Id.*

Woodward argues that the Ordinance's requirement of written findings of fact makes *Vachon* inapposite. We disagree. Not only did the statute in *Vachon* require findings, neither that statute nor this Ordinance require that the findings be included in the written notice of decision.

Woodward also argues that *Vachon* is not controlling because the decisionmaker in that case was a zoning board, not a planning board as here. We decline to cut such a nice distinction. The language is plain and our reasoning clear. The thirty-day appeal period commences when the Board takes its public vote "because that time is easily determined and precisely fixed and because all parties to the public proceeding will ordinarily know of the Board's public vote at the time it is taken." *Vachon*, 499 A.2d at 142.

■ Finally, Woodward argues that the time limit set forth in the Newfield ordinance is inapplicable because it is not a "time limit ... specified by statute" as required by Rule 80B(b). Woodward is mistaken. Section 4353(1) of Title 30–A provides for direct appeals from planning boards to the Superior Court as "provided by municipal ordinance." 30–A M.R.S.A. 4353(1) (Pamph.1992). Therefore, the "time limit ... specified by statute" is the time limit set forth in the Newfield ordinance. Even if the statute did not incorporate the ordinance, the "notice" that starts the thirty-day limit within which an appeal pursuant to Rule 80B must be

---

2. At the time of our decision in *Vachon v. Town of Kennebunk*, 499 A.2d 140 (Me.1985), the applicable statute, 30 M.R.S.A. § 2411(3)(F) (1978) provided:

F. An appeal may be taken, within 30 days after the decision is rendered, by any party to Superior Court from any order, relief or denial in accordance with the Maine Rules of Civil Procedure, Rule 80B. The hearing before the Superior Court shall be without a jury.

Presently the statute, 30–A M.R.S.A. 2691(3)(G) (Pamph.1992), provides:

G. Any party may take an appeal, within 45 days of the date of the vote on the original decision, to Superior Court from any order, relief or denial in accordance with the Maine Rules of Civil Procedure, Rule 80B. This time period may be extended by the court upon motion for good cause shown. The hearing before the Superior Court must be without a jury.

taken need not be in writing. *See Caron v. City of Auburn,* 567 A.2d 66, 67 (Me.1989).

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to dismiss the appeal.

WATHEN, C.J., and ROBERTS, GLASSMAN and RUDMAN, JJ., concurring.

CLIFFORD, Justice, with whom COLLINS, Justice, joins, dissenting.

Because in my view Woodward's appeal was filed in a timely manner, I respectfully dissent.

In refusing to reach the merits of this appeal, the Court relies on our decision in *Vachon v. Town of Kennebunk,* 499 A.2d 140 (Me.1985). That reliance is misplaced. In *Vachon,* the Kennebunk Zoning Board of Appeals voted at a meeting on January 17, 1983 to revoke a land use permit that had been previously issued to Vachon. On January 22, 1983, the Board sent a written notice to Vachon that "merely quoted the motion adopted at the Board's January 17 meeting." *Vachon,* 499 A.2d at 141. We concluded that the decision adverse to Vachon had been rendered at the January 17 meeting. Accordingly, Vachon's appeal, filed on February 23, was untimely. In this case, however, the action of the Planning Board taken at the June 4, 1991 meeting denying Woodward's application was not complete. The minutes of the meeting show that the Board contemplated further action; it had not yet determined wording of the decision and still had to write it in a "legal manner." Unlike the situation in *Vachon,* the Planning Board's written decision, dated June 19, 1991, elaborates on the vote taken by the Board on June 4, and for the first time sets forth findings of fact and conclusions of law. In my view, the decision of the Board on June 4 was not final and therefore was not "rendered" within the meaning of Art. VIII, § 2(C)(2) of the Ordinance until June 19. Accordingly, Woodward's appeal, filed July 17, was timely. To conclude otherwise would require a party to appeal a decision of an administrative board before the basis of that decision is set forth,

and, therefore, before it becomes clear whether an appeal is warranted. *See Wheeler v. Maine Unemployment Ins. Comm'n,* 477 A.2d 1141, 1145 (Me.1984) (only final action of administrative agency is appealable to Superior Court).

I would address the merits of this appeal.