STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, SS                              DOCKET NOS.
                                           AP-05-054
                                           AP-05-055
                                           RS' -CUI -1/26/06

HENRY W. SAUNDERS,
MARJORIE H. SAUNDERS,
LESLIE S. SAUNDERS and
KENNETH W. SAUNDERS

          Plaintiffs
                                           CONSOLIDATED ORDER
          vs.                              ON DEFENDANTS'
                                           MOTIONS TO DISMISS
                                           80B APPEALS
TOWN OF STANDISH

          Defendant

-----------------------------------------------

SYLVIA L. THOMPSON, TRUSTEE

          Plaintiff

          vs.

TOWN OF STANDISH

          Defendant

       Before the court are respondent Town of Standish's ("Town") motions to

dismiss plaintiffs Henry, Marjorie, Leslie and Kenneth Saunders' and plaintiff

Sylvia Thompson, Trustee's (collectively, "Plaintiffs") 80B appeals for lack of

jurisdiction.  On December 21, 2005, the court granted the Town's unopposed

motion to consolidate these appeals for the limited purpose of deciding these

motions.

                              **BACKGROUND**

       Plaintiffs challenge their April 1, 2004 tax assessment on residential

properties located on Sebago Lake in Standish.  Following denial of their tax

1

abatement applications, Plaintiffs appealed to the Board of Assessment Review, ("BAR") which conducted hearings on July 13, 2005. At the conclusion of the hearings, the BAR voted to grant a partial tax abatement, reducing the assessment on the Saunders property from $1,273,200 to $1,100,000 and on the property held in trust by Thompson from $1,348,700 to $1,140,000. Plaintiffs were present at these hearings and received actual notice of the BAR decisions on July 13, 2005. The BAR issued written decisions on both appeals dated July 14, 2005, and mailed them to Plaintiffs. Plaintiffs filed appeals of the BAR decisions on August 16, 2005.

## DISCUSSION

The Town claims that, because Plaintiffs filed their 80B appeals 34 days after the July 13 hearings, this court lacks jurisdiction to hear their appeal. It is well established that time limits to appeal are jurisdictional. *See e.g. Persson v. Dept. of Human Services*, 2001 ME 124, ¶ 9, 775 A.2d 363, 365. 36 M.R.S.A. § 843, which governs appeals from property tax assessments, states:

> [E]ither party may appeal from the decision of the board of assessment review directly to the Superior Court, in accordance with Rule 80B of the Maine Rules of Civil Procedure. If the board of assessment review fails to give written notice of their decision within 60 days of the date the application is filed, unless the applicant agrees in writing to further delay, the application shall be deemed denied and the applicant may appeal to Superior Court as if there had been a written denial.

M.R.Civ.P. 80B(b) states, "the time within which review may be sought shall be as provided by statute, except that if no time limit is specified by statute, the complaint shall be filed within 30 days after notice of any action or refusal to act of which review is sought." The Town points out that Plaintiffs had actual notice of the Town's action on July 13, 2005, and asserts that, accordingly, the 30-day

2

appeals period began to run from that date. Looking solely at the language of Rule 80B, the appeals period would seem to commence on July 13, as the general meaning of "notice" includes actual notice. *See Rowe v. Hayden*, 149 Me. 266, 271 (Me. 1953); *see also* Garner, Bryan A., ed. *Black's Law Dictionary*, 1087 (7th ed., 1999) (stating, "A person has notice of a fact or condition if that person (1) has actual knowledge of it...").

Plaintiffs maintain, however, that § 843, from which Rule 80B derives its authority for setting the appeals period, indicates that "notice" in the context of a BAR decision is to be "written." They then point out that they received written notice through the mail, dated July 14, 2005. They conclude that, pursuant to M.R.Civ.P. 6(c), they have 33 days from the date of the *written notice* to initiate their appeal.

> M.R.Civ.P. 6(c) states:
>
> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Plaintiffs' argument is compelling in light of the specific language of § 843. The Law Court has stated that, in deciding when an appeals period begins to run, the court must first take a close look at the language of the governing statute. *See Vachon v. Town of Kennebunk*, 499 A.2d 140, 141 (Me. 1985); *see also Woodward v. Town of Newfield*, 634 A.2d 1315, 1317 (Me. 1993). *Vachon* and *Woodward* construed statutes that required any appeal to be taken "within 30 days after the decision is rendered." *See id. Vachon* noted that the critical word in the governing statute was "rendered" and stated, "a decision is 'rendered' when the tribunal makes, gives, or delivers it." *See Vachon*, 499 A.2d at 141. It concluded,

3

therefore, that the appeals period began to run as to the date the zoning board of appeals had heard and voted on the plaintiff's appeal. *Id.* In support of this interpretation, the court noted that, if the legislature had intended to delay the start of the appeal period until the appellant had received notice of the zoning board's decision, it could have stated, as it has in statutes governing appeals from state administrative agencies, that the appealing party would have to appeal "within 30 days after receipt of notice." *See id.*

The court also looked to the circumstances of a zoning appeal to explain why the appeals period should run from the date of the hearing and oral decision as opposed to the date of the written decision. In zoning cases, any party to the proceeding, including abutters, may appeal the zoning board's decision, however, only the petitioner and certain municipal agencies must be given "notice" of the decision. *See id.* The court concluded from this that, "the limitation on the notice required ... negates by clear implication any suggestion that receipt of notice of a zoning board's decision is a prerequisite for the start of the appeal period." *Id.*

Both the statutory language and the circumstances of this appeal differ from *Vachon*. Here, "notice" is the crucial statutory language, not the time at which the decision is rendered. Although § 843 does not clearly state that an appeal must be taken "within 30 days of receipt of notice," it does provide that, in the absence of "written notice of their decision," the application will be deemed denied 60 days after the application has been filed. Additionally, in the context of a tax assessment appeal, the only parties with an interest in the action are the applicant and the municipality. There are no third party appeal rights, and there is, consequently, no need for the date of the public hearing and vote to

4

serve as the date from which any interested party might appeal. Although ordinarily, the meaning of "notice" under Rule 80B would include actual notice, it is more consistent with the language of § 843, as well as the circumstances of a tax abatement appeal, to here interpret the meaning of "notice" as "written notice."

Written notice of the BAR's decision was sent via mail to Plaintiffs on July 14, 2005. Under § 843, Plaintiffs have the right to appeal the BAR's decision after written notice of the appeal. Written notice, in the form of "a notice" was served by mail on Plaintiffs. Thus, under Rule 6(c) and 80B, Plaintiffs had 33 days from July 14 to file their appeals. Plaintiffs' August 16 appeals are timely, therefore the court has subject matter jurisdiction to hear them.

The entry is:

> Defendant Town of Standish's motions to dismiss Plaintiffs 80B appeals are DENIED. The consolidation of AP-05-054 and AP-05-055 is terminated, and each case will hereafter be separately heard and decided on the merits.

Dated at Portland, Maine this _26th_ day of _January_, 2006.

Robert E. Crowley
Justice, Superior Court

5

Date Filed __AUGUST 16 2005__    __CUMBERLAND__      Docket No. ___AP-05-54___

County

Action _____80B APPEAL_____

HENRY W SAUNDERS
MARJORIE H SAUNDERS
LESLIE S MCMANUS
KENNETH W SAUNDERS

THE TOWN OF STANDISH, A MAINE MUNICIPAL
CORPORATION

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| RICHARD N BRYANT ESQ<br>20 YORK STREET<br>PORTLAND MAINE 04101<br>(207)871-7500 | SALLY DAGGETT, ESQ.<br>PO BOX 4510<br>PORTLAND, ME 04112-4510<br>775-7271 |

Date of
Entry

2005