STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-06-039
GAP-yor - 10/23/2007

WILLIAM C. PIERCE and
CYNTHIA A. PIERCE,

Plaintiffs

v.

**ORDER ON 80B APPEAL**

DONALD L. GARBRECHT
LAW LIBRARY
JAN 07 2008

TOWN OF KENNEBUNK,

Defendant

Before the Court is Plaintiffs William C. Pierce and Cynthia A. Pierce's (the "Pierces") appeal against the Defendant Town of Kennebunk ("Town") pursuant to M.R. Civ. P. 80B of a decision issued by the Kennebunk Zoning Board of Appeals ("ZBA") barring their appeal of a Kennebunk Planning Board ("Planning Board") decision because it was not timely filed. Following hearing, the appeal is Denied.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The sole issue before the Court is whether the ZBA erred when it barred the appeal because it was not filed within 30 days of the Planning Board's oral decision at hearing.

The Pierces own a single-family residence in Kennebunk, Maine with frontage on the Kennebunk River. Though the residence is in the Suburban Residential Zone, the riverfront area lies in the Shoreland Protection (SP) and Resource Protection (RP) Zones. The SP and RP require special exception approval from the Planning Board prior to the building of "permanent or temporary piers, docks and wharfs" pursuant to Article VII of the Kennebunk Zoning Ordinance ("Ordinance").

On January 17, 2006, the Pierces sought approval of a temporary dock structure consisting of a walkway, ramp and floating dock (the "Project") by submitting a Special Exception Application to the Planning Board. A public hearing was held on March 27, 2006 to consider the application (the "Hearing"). Mr. Pierce attended the Hearing accompanied by an engineering firm that was handling the technical aspects of the Project. The Pierces were not represented by legal counsel at that time. At the Hearing, the Planning Board denied the Pierces' application.

Subsequent to the Hearing, the Pierces contacted the Kennebunk Town Planner ("more than once") to ascertain when a written decision would be rendered. The minutes of the March 27, 2006 meeting were approved on April 24, 2006 at which point a written decision was mailed to the Pierces. At that point, the Pierces retained legal counsel and an administrative appeal of the Planning Board's decision was filed with the ZBA on May 23, 2006. There is no dispute that the appeal was filed within 30 days of the written decision.

The ZBA hearing was held on June 19, 2006. The Pierces attended with legal counsel. At hearing the ZBA Chairman stated that the appeal was barred because it was not filed within 30 days from when the decision was rendered pursuant to Article VII Section 2(G) of the Ordinance. The Pierces countered that Article VII section 2(G) is expressly governed by Article VI section 3, allowing appeal within 30 days of a written decision (emphasis added). The ZBA voted to deny the appeal.

Subsequently, the Pierces filed this appeal asserting that the ZBA erred in its interpretation of the Ordinance and/or that the ZBA interpretation of the Ordinance is a violation of the Pierces rights under the due process and equal protection clauses of the Maine and United States Constitutions.

## STANDARD OF REVIEW

As an intermediate appellate court, the Superior Court reviews the decisions of the Board of Appeals "directly for abuse of discretion, legal error, or findings unsupported by substantial evidence in the record." *Rowe v. City of S. Portland*, 1999 ME 81, ¶ 5, 730 A.3d 673, 675 (*citing Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1995)). The interpretation of an ordinance is a question of law that the Court reviews *de novo*. *Kurlanski v. Portland Yacht Club*, 2001 ME 147, ¶ 9, 782 A.3d 783, 786 (*citing Rockland Plaza Realty Corp. v. City of Rockland*, 2001 ME 81, ¶ 7, 772 A.2d 256, 259). That interpretation is guided by the "ordinances specific object and its general structure." *Id.* (*quoting Lewis v. Town of Rockport*, 1998 ME 144, ¶ 11, 712 A.3d 1047, 1049). An ordinance is construed to "avoid absurd, illogical or inconsistent results." *Id.* (*quoting Wright v. Town of Kennebunkport*, 1998 ME 185, ¶ 5, 715 A.2d 162, 164).

## DISCUSSION

### I.    Did the ZBA Err As a Matter of Law in Denying the Pierces' Appeal?

The Pierces' claim that the ZBA erred in denying their appeal because the wrong timing Ordinance was applied. Two timing provisions in the Ordinance for the initiation of appeals are at issue in this case: Article VII section 2(G)[1] and Article VI section 3.[2] The Pierces' assert that Article VII section 2(G) is governed in its entirety by

---

[1] Article VII section 2(G) of the Ordinance states:

> Any person aggrieved by a decision of the Planning Board on a special exception application may appeal the same within thirty (30) days from the date the decision is rendered to the Board of Appeals, and the procedure shall be governed by Section 3 of Article 6 of this Ordinance.

Record Tab 1

[2] Article VI section 3A of the Ordinance states in pertinent part:

> In all cases a person aggrieved by a decision of the Code Enforcement Officer or other administrative employee or agency where expressly so provided by statute or ordinance, shall commence his appeal within thirty (30) days after issuance of a written decision from the Code Enforcement Officer or such other official. The appeal shall be filed with

Article VI section 3 making Article VII's 30-day "rendered" appeal "surplusage" and Article VI's 30-day "written" appeal controlling. In support of their argument, the Pierces' consider the plain meaning of each Article, finding them inherently inconsistent.

The Town counters that Article VII is the more specific ordinance and thus should take precedence over the more general ordinance. *See S. Portland Civil Service Comm'n v. City of S. Portland,* 667 A.2d 599, 601 (Me. 1995) (following the principal of statutory construction that a more specific statute will be given precedence over a more general one, regardless of the temporal sequence). Moreover, they assert that there is no conflict between the statutes because Article VII governs special exception procedures that are subject to public hearings before a board and refers to Article VI only for certain procedures not set forth in Article VII. In support of that argument the Town cites to other articles within the Ordinance setting forth specific appeal periods for decisions of certain boards and committees. The appeal period in Article VI, they assert, is specifically for individual officials and not boards or committees. This interpretation fits, they assert, with the Ordinance's general structure.

Maine precedent supports the Town's statutory construction. The Law Court has distinguished between decisions rendered at hearing by a board as opposed to written decisions from town officials. *Compare Vachon v. Town of Kennebunk,* 499 A.2d 140 (Me. 1985) (holding that the 30-day appeal should begin to run immediately when a board takes its final public action), and *Town of Freeport v. Greenlaw,* 602 A.2d 1156 (Me. 1992) (holding that the 30-day appeal period from a letter ruling from a code enforcement

---

the Town Clerk on forms to be approved by the Board, and the aggrieved person shall specifically set forth on said form the grounds for said appeal.

Record Tab 1.

officer must specifically state the violation, law and rights of appeal in order to trigger an appeal).

The *Vachon* Court considered the statutory appeal period for an appeal to Superior Court from a decision of a zoning board of appeals. *Vachon*, 499 A.2d at 141. The applicable statute in *Vachon* required that the appeal be taken "within thirty (30) days after the decision is rendered."[3] *Id.* (*quoting* 30 M.R.S.A. § 2411(3)(F)). "Rendered," the Court concluded, means from the time the board casts its public vote. *Id.*

The rationale of the *Vachon* Court lends support to the Town's argument. The Court undertook a semantic analysis of the word "rendered" in light of the unique nature of a "state or local governmental bod[y]" such as a zoning board. *Id.* at 142. Those bodies are subject to the Freedom of Access Law and "are permitted to make a decision <u>only</u> in public at a public meeting (emphasis added). *Id.* (*citing* 1 M.R.S.A. §§ 401-410 (1979 & Supp. 1984-1985). The subsequent letter notice sent to petitioner is merely a confirmation of that decision. *Id.*

*Vachon* was reaffirmed when the Law Court found that the Superior Court lacked jurisdiction to hear an appeal that was statutorily barred for late filing. *See Woodward v. Town of Newfield*, 634 A.2d 1315 (Me. 1993). The *Woodward* Court reiterated the mandate that board appeals run from the date of the decision at pubic hearing and specifically stated that notice "need not be in writing." *Id.* at 1317-18. The *Woodward* Court stated:

> The language is plain and our reasoning clear. The thirty-day appeal period commences when the Board takes its public vote 'because that time is easily determined and precisely fixed and because all parties to the public proceeding will ordinarily know of the Board's public vote at the time it is taken.'

*Id.* (*quoting Vachon*, 499 A.2d at 142).

---

[3]     This language is nearly identical to the Article VII section 2(G) language.

In contrast, the Law Court held that a letter from a Code Enforcement Officer must contain a specific order to refrain from or continue certain action, refer to a specific law, and inform a petitioner of their rights to appeal before an appeal period can begin to run. *See Greenlaw*, 602 A.2d at 116. *Greenlaw*, which was decided one year prior to Woodward, considered the right to appeal of a restaurant owner who was informed by letter that he must remove his outdoor picnic tables. *Id.* at 1159. Because Greenlaw was not told what specific law he was violating or what his recourse to the letter could be, the Court held that he had insufficient notice to trigger an appeal. *Id.* at 1160-61.

The Pierces argue that *Greenlaw* stands for the proposition that a petitioner must be notified in writing to trigger an appeal. This argument, however, is not supported by Maine law. *Woodward* expressly stated that notice from a vote at public hearing is sufficient and indeed does trigger an appeal, whereas the *Greenlaw* Court required specific written notice for a written decision of a town official to trigger an appeal.

II.     **Is the ZBA Interpretation of the Ordinance a Violation of the Pierces' Rights Under the Maine and United States Constitutions?**

The Pierces' further assert that if the appeal procedure of Article VII section 2(G) is found controlling such a finding would be violative of their rights under the due process and equal protection clauses of the Maine and United States Constitutions.

a. **Due Process Claim**

The Pierces' claim that, by barring their appeal, the Town deprived them of a significant property interest[4] without due process of law.   "We long have adhered to

---

4     The property interest the Pierces' assert is their right "within the confines of the Kennebunk Zoning Ordinance to construct a boardwalk and dock facility in order to access the Kennebunk River from their property."

the principle that the United States and Maine Constitutions declare identical concepts of due process." *H.E. Sargent, Inc. v. Town of Wells*, 676 A.2d 920, 926 n.4 (Me. 1996) (*citing Penobscot Area Hous. Dev. Corp. v. City of Brewer*, 434 A.2d 14, 24 n.9 (Me. 1981)). The procedural requirements under the due process clause are notice and a hearing. *Id.* Due process has been defined as:

> that process that protects against the exercise of arbitrary governmental power and guarantees equal and impartial dispensation of law according to the settled course of judicial proceedings or in accordance with fundamental principles of distributive justice.

*Id.* (*quoting Mutt Hill Estates, Inc. v. Town of Oakland*, 468 A2d. 989, 993 (Me. 1983). A two-step analysis has been employed to "determine whether an individual has been deprived of his right to procedural due process. *Mahaney v. State of Me.*, 610 A.2d 738, 742 (Me. 1992). The court must determine if: 1) there was a deprivation of life, liberty or property; and 2) if such deprivation occurred, what process is due the individual. *Id.* A number of factors are considered in this analysis including "the importance of the individual's interest, the potential for governmental error, and the magnitude of the state's interest.

The Law Court did not find an arbitrary exercise of governmental power where a town denied a contractor the right to operate a gravel pit after a reconsideration hearing. *Id.* The contractor claimed that he had insufficient notice of the issues to be addressed at the hearing and thus was unable to adequately prepare. *Id.* The Court held that, in spite of unclear statutory guidance for procedure, the governmental action was sufficient. *Id.*

In this case the Law Court has steadfastly held that a decision voted upon at a public hearing is sufficient process to trigger an appeal. *See Woodward*, 634 A.2d at 1317-

18. Thus, there exists a settled course of "law" establishing when an individual must act to challenge a municipal decision and the process afforded by the Town in this case meets the demands of the due process clause. *See Id.*

### b. Equal Protection Claim

Finally the Pierces' claim that the Town must show that its disparate treatment of those appealing under Article VII section 2(G) and Article VI section 3 is rationally related to a legitimate government interest. However, "It is well established law that zoning ordinances are presumed to be constitutional. The burden is on the plaintiffs to show by clear and irrefutable evidence" that the law is unconstitutional. *Vella v. Trician Marine Corp.*, 677 A.2d 1051, 1056 (Me. 1996). In this case the Pierces' merely argue that the disparate treatment of appellees under the Ordinance is illogical. This is insufficient to prevail on an equal protection claim.

## Therefore, the entry is:

The Pierces' Rule 80B appeal is Denied. The ZBA's decision dismissing the Pierces' appeal as untimely is Affirmed.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Alfred, Maine this 23rd day of _____, 2007.

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF:
STEPHEN Y HODSDON, ESQ.
HODSDON & CLIFFORD
56 PORTLAND RD
KENNEBUNK ME 04043

DEFENDANT:
WILLIAM H DALE ESQ
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME 04112-4510

8