STATE OF MAINE                              SUPERIOR COURT
                                              CIVIL ACTION
YORK, ss.                              DOCKET NO.   AP-13-003
                                       PAF - YOR - 6 7/2013

PHILIP AND NANCY SINGLETON,

        Plaintiffs

        v.                                    ORDER

INHABITANTS OF THE CITY OF
BIDDEFORD,

        Defendant

and

PAUL BOULANGER,

        Party-in-Interest

The plaintiffs own a home at 31 Sea Spray Drive in the Hoyt's Neck area of Biddeford. Their neighbor Paul Boulanger owns real estate at 21 Sea Spray Drive.

In March of 2011 Mr. Boulanger submitted a development review application with the then existing Biddeford Coastal Area Committee (CAC). At that time CAC was required to review applications for certain permits within certain coastal zones. Its role in this case was to make a recommendation to the building inspector, also known as the Code Enforcement Officer, as to whether Mr. Boulanger should receive a building permit to construct a garage with loft with living space adjacent to his home.

The Singletons opposed Mr. Boulanger's request and participated in the proceedings before the CAC including a meeting on September 14, 2011. However, on September 20, 2011 the Biddeford City Council voted to "completely disband the Coastal Area Committee."

On or about June 30, 2012 Mr. Boulanger applied for a building permit from the Code Enforcement Officer. The permit was granted on or about July 11, 2012. No notice of either the application for or the granting of the permit was required to be given to or was provided to the Singletons. No construction was commenced during July, August or early September 2012.

Over the Labor Day 2012 weekend the Singletons learned of the possibility of a permit through discussions with other neighbors. They promptly confirmed that a permit had been issued and filed an administrative appeal with the Biddeford Zoning Board of Appeals (Board) on September 17, 2012. Included in the appeal was a request to the Board for a waiver of the 30-day deadline for filing an administrative appeal. They argued that good cause existed since they had neither actual or constructive notice of the permit and that they acted promptly in filing their appeal, which they did, upon learning of the permit. They also challenged the permit on several substantive grounds.

On November 14, 2012 the Board considered the appeal at its regular meeting. At the end of the proceedings a board member moved that "the appeal be allowed for good cause." That motion failed by a public vote of 1 to 3. The minutes concluded with the statement that, "The Board did not find good cause to waive the appeal period." Without a waiver the appeal was untimely and the Board would not consider its merits.

After receiving proposed findings from the parties the Board on December 12, 2012 adopted findings of fact and conclusions of law. The Board's findings and conclusions indicated that "good cause" to extend the appeal deadline did not exist and it was denying the appeal without reaching the merits.

2

On January 22, 2013 the Singletons filed their complaint pursuant to Rule 80B, M.R.Civ.P. with the Superior Court. Mr. Boulanger has filed a motion to dismiss, which the City of Biddeford joined, claiming that the appeal to the Superior Court was untimely. That motion and the appeal of the decision of the Board not to grant a good cause extension have been briefed and argued.

Mr. Boulanger and the City are correct. The Board held its public vote on and rendered the operative decision on November 14, 2012. That decision, not the adoption of findings and conclusions on December 12, 2012, started the 45-day appeal period found at 30-A M.R.S. §2691(3)(G). Also see *Woodward v. Town of Newfield*, 634 A.2d 1315, 17-18 (1993) and *Vachon v. Town of Kennebunk*, 499 A.2d 140, 141 (Me. 1985).

As the appeal to the Superior Court is untimely, the entry is:

Motion to dismiss is granted. Appeal dismissed.

Dated: June 7, 2013

Paul A. Fritzsche
Justice, Superior Court

3

ATTORNEY FOR PLAINTIFF:
JEFFREY S. ZDUNCZYK, ESQ.
ZDUNCZYK LAW OFFICE, LLC
PO BOX 771
KENNEBUNK, ME 04043-0771

ATTORNEY FOR DEFENDANT:
SANDRA L. GUAY, ESQ.
WOODMAN EDMANDS DANYLIK AUSTIN SMITH & JACQUES
PO BOX 468
BIDDEFORD, ME 04005

ATTORNEY FOR PARTY-IN-INTEREST:
JOHN C. BANNON, ESQ.
MURRAY PLUMB & MURRAY
PO BOX 9785
PORTLAND, ME 04104-5085