2001 ME 124

**Lance E. PERSSON**

v.

**DEPARTMENT OF HUMAN SERVICES.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 24, 2001.

Decided: July 26, 2001.

Lance E. Persson, pro se.

G. Steven Rowe, Attorney General, Justine Guignard Tanguay, Asst. Attorney General, Renee Guignard, Asst. Attorney General, Augusta, for defendants.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Lance E. Persson appeals from the judgment of the Superior Court (York County, *Brennan, J.*) dismissing as untimely his administrative appeal of a Department of Human Services decision relating to his child support obligations. 5 M.R.S.A. § 11002(3) (1989). Because we conclude that the appeal was timely, we vacate the judgment and remand.

## BACKGROUND

[¶ 2] In August of 1992, Persson signed a consent decision with the Department that required him to pay a child support debt of $900 plus ongoing support of $35 per week. The consent decision contained the following language:

This decision remains in effect until it is changed or superseded by a subsequent administrative decision or by a court order.

... If a hearing to change the amount of the order is held, the Department may only change the amount of the current support obligation [from] the date that it serves the non-moving party a proposed order, or from the date that it receives a completed review affidavit from the responsible parent.

[¶ 3] On April 12, 1999, Persson notified the Department of his intent to change the 1992 consent decision because of his inability to earn income since his incarceration in a federal correctional facility in Wisconsin on March 6, 1993. After a hearing the Department eliminated Pers-

son's support obligation effective April 12, 1999, but, pursuant to 19–A M.R.S.A. § 2009(2) (1998),[1] refused to retroactively modify the obligation prior to his notice. Persson requested a review of the Department's decision not to grant retroactive relief, contending that he had contacted the Department in 1995, had discussed at that time his incarceration, and was not informed of his right to seek a review of his ongoing obligation.

[¶ 4] On February 3, 2000, after a hearing in which Persson participated by telephone, the Department affirmed its earlier decision, finding that the 1992 consent decision contained proper notice of Persson's right to review his support obligation and the Department was "under no legal obligation to remind Mr. Persson of his right to [seek a] review during subsequent contacts ...." On February 10, 2000, the Department mailed its decision to Persson, alerting him of his right to appeal within thirty days pursuant to Rule 80C of the Maine Rules of Civil Procedure.

[¶ 5] On March 1, 2000, Persson contends he mailed his petition for review of final agency action to the Superior Court via prison legal mail. The petition was originally stamped "received" by the clerk's office on March 6, 2000, but that date was replaced by a handwritten date of "3/30/00."

[¶ 6] On March 15, 2000, the clerk wrote a note to Persson indicating that his "paperwork in regards to filing an appeal" had been received, and he needed to fill out a complaint summary sheet and a form requesting waiver of the appeal fee. Persson's application to proceed without payment of fees and the complaint summary

---

1. "Child support orders may be modified retroactively but only from the date that notice of a petition for modification has been served upon the opposing party, pursuant to the Maine Rules of Civil Procedure." 19–A M.R.S.A. § 2009(2); *see, e.g., Beck v. Beck*, 1999 ME 110, ¶¶ 7–8, 733 A.2d 981, 983–84.

sheet were dated March 24, 2000, and received by the clerk's office on March 30, 2000.

[¶ 7] The court granted the State's motion to dismiss, finding that "Petitioner has failed to file Petition within 30 days as required by the statute, Title 5 M.R.S.A. § 11002(3)." After his motion for reconsideration was likewise denied, Persson filed this timely appeal.

## DISCUSSION

[¶ 8] "The legal sufficiency of a complaint challenged by a motion to dismiss is a question of law subject to de novo review by this Court." *Hawley v. Murphy*, 1999 ME 127, ¶ 5, 736 A.2d 268, 270. "We ordinarily review a motion to dismiss by examining the complaint in the light most favorable to the plaintiff and accepting the material facts of the complaint as true." *Davric Maine Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶ 6, 751 A.2d 1024, 1028. In cases where the motion to dismiss challenges the jurisdiction of the court, however, "we do not make any favorable inferences in favor of [the plaintiff]." *Id.* (motion to dismiss based on subject matter jurisdiction).

[¶ 9] Rule 80C(b) provides: "The time within which a review of final agency action or the failure or refusal of an agency to act may be sought shall be as provided by 5 M.R.S.A. § 11002(3)." M.R. Civ.

P. 80C(b). Section 11002(3) of the Administrative Procedures Act provides: "The petition for review shall be *filed within 30 days after receipt of notice* if taken by a party to the proceeding of which review is sought." 5 M.R.S.A. § 11002(3) (emphasis added). The time limitations in the APA are jurisdictional. *Brown v. Dep't of Manpower Affairs,* 426 A.2d 880, 888 (Me. 1981).

[¶ 10] The exact date that Persson received notice of the Department's decision is not clear. The Department mailed the decision to Persson on February 10, 2000, and he concedes that he received it. It is sufficient that he received the notice after February 10.

[¶ 11] Regarding the date of filing, Persson contends that the court committed clear error in determining that he did not file within thirty days, that the petition was not returned to him as unaccepted by the court, and that pursuant to the Supreme Court's decision in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988),[2] his appeal is deemed filed at the time he placed it in the correctional institution's legal mailbox. The State contends that pursuant to Rule 5(f), Persson's appeal was not filed until the clerk received both the complaint summary sheet and the application to proceed without payment of fees.[3]

---

**2.** In *Houston,* the Supreme Court determined that a petitioner's federal appeal is "filed at the time petitioner deliver[s] it to the prison authorities for forwarding to the court clerk." *Houston,* 487 U.S. at 276, 108 S.Ct. 2379.

**3.** The State contends that Persson did not file his appeal until April 4, 2000, the date the court ordered that Persson's filing fee may be waived. Rule 91, entitled "Proceedings in Forma Pauperis," provides in pertinent part:

(a) **Application.** Any person who intends to bring a civil action under these rules ... may, without fee, file an application in the

court in which such action is to be brought asking for leave to proceed in forma pauperis....

(b) **Waiver of Filing Fee.** An application for waiver of the filing fee shall be filed with the complaint. The action shall thereupon be entered upon the docket....

M.R. Civ. P. 91. Thus, in relation to filing, the relevant date is when the clerk receives the application for the waiver of a filing fee and not when the court grants the waiver. *Id.*

[¶ 12] Filing occurs when the appeal is delivered "to the court clerk or record custodian for placement into the official record ...." BLACK's LAW DICTIONARY 642 (7th ed.1999). Rule 5(f) of the Maine Rules of Civil Procedure provides:

> Filings that are ... not accompanied at the time of filing by a legally required element, including but not limited to, a filing fee, appeal fee ... or summary sheet ... shall be returned by the clerk as incomplete. The clerk will not docket the attempted filing but will retain a copy of the notice of return for six months. The offeror may refile the documents when all elements are complete. The filing will be docketed when the complete filing is received.

Rule 5(h) requires that "[a]ny pleading which sets forth a claim for relief ... shall be accompanied by a properly completed and executed Summary Sheet ...." M.R. Civ. P. 5(h).

[¶ 13] Both Rules 5(f) and (h) became effective May 1, 2000, subsequent to the date that Persson mailed his petition for appeal. M.R. Civ. P. 5(f), (h). A provision similar to Rule 5(f) was included in an administrative order that became effective on October 15, 1997. Filing of Pleadings and Documents, M. Admin. Order SJC–114 (effective Oct. 15, 1997). This administrative order was published in the 1997–1998 Maine Reporter. Me. Rptr., 699–709 A.2d CXLVI–CXLVIII. It was also published by the West Group in the 1999 Maine Rules of Court in a section entitled "Administrative Orders of the Supreme Judicial Court," but it was not published in the Maine Rules of Civil Procedure. M.R. Civ. P. at 327 (West 1999). In addition, provisions similar to the pleading summary sheet requirement in Rule 5(h) were included in Rules 8(a) and 10(d), which became effective for all courts by an administrative order on June 1, 1998. Maine Judicial Information System, Me. Admin. Order SJC–114 (effective June 1, 1998). Prior to 2000, the pleading summary sheet requirement adopted by the administrative order did not appear in the Maine Rules of Court published by West Group, nor was it appropriately referenced. Thus, the 1999 Rules of Civil Procedure in the West publication of the Maine Rules of Court did not include or appropriately reference the filing requirements adopted by the relevant administrative orders that governed the filings in this case.

[¶ 14] Furthermore, by not returning Persson's incomplete filing, the clerk failed to comply with Rule 5(f). Nine days after his petition was received, the clerk sent Persson an in forma pauperis and a complaint summary form and a handwritten note stating:

> We have received your paperwork in regards to filing an appeal. You will need to fill out this paperwork in order to have the $120 appeal fee waived and then return it to us.
>
> You also need to fill out the enclosed Complaint Summary Sheet.

Because the clerk failed to return Persson's petition, Persson was not on notice that his petition was not on file.

[¶ 15] In these circumstances, we determine that Persson, who was in a federal correctional facility in Wisconsin, was not responsible for his failure to comply with the requirements of Rule 5(f). As a result, his appeal was filed on March 6, 2000, the date the clerk received his petition.

[¶ 16] Because Persson received notice of the Department's decision after February 10, 2000, and filed his appeal on March 6, 2000, his appeal was timely. Thus, we need not reach the issue of whether we should adopt the federal mailbox rule.

The entry is:

Judgment vacated. Remanded to the Superior Court to consider the appeal.

RUDMAN, J., with whom WATHEN, C.J., and CLIFFORD, J., join, dissenting.

[¶ 17] I respectfully dissent. Persson has—by submitting an incomplete filing—failed to make his appeal within thirty days of the Department's decision as required by 5 M.R.S.A. § 11002(3) (1989). "Statutory limitations on appeal periods are jurisdictional." *Davric Maine Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶ 11, 751 A.2d 1024, 1030 (citation omitted). Consequently, the Superior Court had no choice other than to dismiss Persson's appeal. The court did not have subject matter jurisdiction to review the Department's determination after the appeal period had run. *Id.*

[¶ 18] The facts of this case are not in dispute. The Department mailed its decision to Persson on February 10, 2000, clearly noting in boldfaced, capitalized letters that Persson had thirty days after his receipt of the decision in which to file an appeal to the Superior Court pursuant to M.R. Civ. P. 80C. Persson placed his appeal in the prison mail on March 1, 2000, and the court received his filings on March 6, 2000.

[¶ 19] To be effective, however, all appeals must meet the requirements prescribed by the Maine Rules of Civil Procedure and by any applicable administrative orders. Filings that do not meet the prescribed requirements are deemed incomplete and cannot be docketed. *See* M. Admin. Order SJC–114 at ¶ 6 (effective October 15, 1997).[4] Persson failed to file a complaint summary sheet and the appropriate court fees.[5] *See id.;* M.R. Civ. P. 54A. As a result, Persson's filing was incomplete and could not be docketed. The required complaint summary sheet and motion to proceed *in forma pauperis* were not received until March 30, 2000, more than 30 days after Persson received the decision. Thus, even if we adopted the *Houston* rule (which we have not), it would not make a difference under the present facts. The March 1, 2000, filing was defective and did not serve to preserve Persson's appeal.

[¶ 20] The fact that the clerk allowed nine days to pass before sending Persson notice that his filing was incomplete is also irrelevant. The Administrative Order provides only that an incomplete filing "shall be returned by the clerk." M. Admin. Order SJC–114 at ¶ 6. Beyond this, the Order does not impose any affirmative duties upon the clerk with regard to an appellant. Persson chose to file by mail, and he presumably did so knowing that postal filings are more exacting on time, particularly if complications arise.

[¶ 21] The Court today departs from its prudential rule not to raise issues in civil cases *sua sponte*. Before us, Persson contends only that we adopt the so-called "mail box" rule. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The Court wisely declined Persson's invitation, but then fashioned a ratio-

---

4. The provisions of Maine Administrative Order SJC–114 (effective Oct. 15, 1997) are now incorporated in M.R. Civ. P. 5, which became effective on May 1, 2000. In particular, the "summary sheet" requirement can be found at M.R.Civ. P 5(h). Prior to May 2000, the applicable Administrative Order provisions were printed in a section of the *Maine Rules of Court*, a publication of West Group, that is dedicated solely to Maine Administrative Orders. *See e.g.,* 1999 *Maine Rules of Court* at 327.

5. As an alternative to the fee requirement, Persson could have, but did not, submit a motion to proceed *in forma pauperis* in his March 1 filing. *See* M.R. Civ. P. 91.

nale of its own. The Court's reliance on the lack-of-notice theory for vacating the trial court's judgment is without precedent. Persson never raised this issue in the Superior Court. The issue is, therefore, unpreserved and is not appropriate for our review. *See Rideout v. Riendeau,* 2000 ME 198, ¶ 6, 761 A.2d 291, 295, n. 3 (stating that the Law Court will not address the issue concerning the applicability of the Maine Constitution to the constitutional validity of the Grandparents Visitation Act where neither party made the argument); *Sanders v. Sanders,* 1998 ME 100, ¶ 11, 711 A.2d 124, 127 (holding, when there is no indication in the record that an issue was either raised, discussed, or ruled upon below, the point is not preserved); *Berg v. Bragdon,* 1997 ME 129, ¶ 9, 695 A.2d 1212, 1214 (holding that an issue is waived if it is not raised or preserved by the parties). "We have applied this rule consistently whether the alleged right is constitutional or based on the common law," *Berg,* 1997 ME 129, ¶ 9, 695 A.2d at 1214, and should resist the temptation from doing so now.

[¶ 22] Moreover, the fact that the filing requirements were not published in the *Maine Rules of Court* is of little consequence. That publication is not an official source for publishing newly adopted, or amended, court rules; hence, a failure to publish a newly adopted, or amended, rule in that text provides no defense against its application, even where a party asserts a lack of knowledge of the rule's existence which Persson does not. In Maine, the only official source for announcing newly approved, or amended, rules is the Maine Reporter, and the applicable administrative order *was* duly published in that source. *See* 1997–1998 Maine Reporter, 699–709 A.2d at pp. CXLVI—CXLVIII.

[¶ 23] The principle that self-represented litigants are held to the same standards as represented litigants has been, and should remain, a part of our jurisprudence. *Richards v. Bruce,* 1997 ME 61, ¶ 8, 691 A.2d 1223, 1225. Consequently, Persson, like any other litigant, represented or not, should be imputed with knowledge of the duly published filing requirements. Applying those filing requirements here requires us to conclude that Persson's March 1 filing was incomplete, and the appeal period had run by the time he corrected the problem. I would, therefore, affirm the judgment of the Superior Court.