STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-47
SKS-KEN- 11/30/05

JOSEPH SADOWSKI,

 Petitioner

 v.

DANA MURCH, MAINE
DEPARTMENT OF
ENVIRONMENTAL
PROTECTION,

 Respondent

**DECISION ON MOTION**

This matter comes before the court on the respondent's motion to dismiss this purported appeal pursuant to M.R. Civ. P. 80C. Because the petition was not timely filed, the motion will be granted.

**Facts**

By letter dated July 1, 2005, Dana Murch, Dams & Hydropower Supervisor at the Department of Environmental Protection ("DEP"), notified the petitioner that an earlier department order awarding ownership of an abandoned dam to the petitioner is now void and the DEP intended to convey that dam to the town of Freedom. The letter concludes, "This letter constitutes final agency action. If you wish to appeal this action, you may do so by filing an appeal with the Superior Court within 30 days after receipt of this letter . . ." According to the return receipt, this letter was delivered to the petitioner on July 7, 2005. On August 8, 2005, the petitioner mailed a response to Mr. Murch and a copy with a document titled "Affidavit of Service" to the Superior Court. The affidavit and letter copy were not received until August 10, 2005, 34 days after the receipt of the agency's final action being appealed.

## Discussion

In accordance with the Maine Administrative Procedure Act, a petition for judicial review of final agency action must be filed within 30 days after receipt of the notice of the agency's decision. 5 M.R.S.A. § 11002(3). Neither the administrative agencies nor the courts have the inherent power to extend or ignore statutory appeal periods. *McKenzie v. Maine Employment Security Comm'n*, 453 A.2d 505 (Me. 1982). The time limits found in the APA are jurisdictional and cannot be waived. *Brown v. State Dep't of Manpower Affairs*, 426 A.2d 880 (Me. 1981); *Persson v. Dep't of Human Services*, 2001 ME 124, 775 A.2d 363. In the present case, the petitioner simply failed to meet the time period by four days. Even if one were to allow an additional three days for service by mail pursuant to M.R. Civ. P. 6(c), the petition still failed to arrive in time. For this reason, the motion must be granted.

The entry will be:

> Motion to dismiss is GRANTED and ORDERED that the petition and any independent claim is DISMISSED.

Dated: November 30, 2005

S. Kirk Studstrup
Justice, Superior Court

Date Filed ___8/10/05___ ___Kennebec___ Docket No. ___AP05-47___
County

Action ___Petition for Review___
80C

Joseph A.F. Sadowski                    vs. Dana Paul Murch, Depart. of Environmental

| Plaintiff's Attorney | Defendant's Attorney Prot. & Dams & Hydropower |
|---|---|
| Joseph A.F. Sadowski, Pro Se<br>30 Murray Road<br>Hicksville, NY 11801 | Mark A. Randlett, Esq.<br>6 State House Station<br>Augusta Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 8/10/05 | Complaint, filed. s/Sadowski, Pro Se<br>Affidavit of Service, filed. S/Anthony Russo   Service made upon Dana Paul Murch, Dept. of Environmental Protection on 8/8/05 |
| 8/26/05 | Respondent's Motion to Dismiss, filed. s/Randlett, AAG<br>Memorandum in Support of Motion to Dismiss, filed. s/Randlett, AAG<br>Affidavit of Dana Murch, filed. s/Dan Murch<br>Proposed Order, filed. |
| 09-13-05 | PETIONER RESPONSE TO MOTION TO DISMISS received and filed 09-13-05 by Joseph A.F. Sadowski, Esq. with Affidavit Of Service by Joseph Sadowski, Esq.   Date Served 09-12-05. |
| 10/5/05 | Notice of setting of motion on 10/26/05 at 1:00 p.m. sent to Pltf. and atty of record. |
| 10/26/05 | Hearing had, Hon. Kirk Studstrup Presiding. (no courtroom clerk)<br>Arguments made to the court.  Court takes matter under advisement. |
| 11/30/05 | DECISION ON MOTION, Marden, J.<br>Motion to dismiss is GRANTED and ORDERED that the petition and ORDERED that the petition and any independent claim is DISMISSED.<br>Copies mailed to attys. of record<br>Copies mailed to Deborah Firestone, Donald Goss and Garbrecht Law Library. |