STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, ss
CLERK'S OFFICE

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: RE-07-072
RAC - Cum - 1/9/2008

2008 JAN -9 P 3: 45

CV07-147

RJ GOLF, LLC,
                    Plaintiff,

                                        **ORDER**

        v.

FORE LLC,
HOODED MERGANSER, LLC,
ROBERT L. ADAM and
JUDITH W. ADAM,
                    Defendants,

RICHARD W. DENNISON, JR. and
GLORIA E. DENNISON
CRAIG JONES
                    Parties-in-Interest.

DONALD L. GARBRECHT
LAW LIBRARY

JAN 30 2008

This matter comes before the Court on Plaintiff's Motion to Amend the Complaint and Add/Substitute Parties, Defendants' Motion to Dismiss pursuant to M.R. Civ. P. 12(b)(6) and an assented to Motion to Consolidate with Docket No. CV-07-147.

## BACKGROUND

The instant motions concern Plaintiff's status as a limited liability company. This case arose out of a purchase and sale agreement between Plaintiff RJ Golf, LLC (RJ Golf) and Defendants Fore, LLC, Hooded Merganser, LLC and Robert and Judith Adams (collectively "Defendants") for certain real estate located in Westbrook, Maine. The contract (Contract) involved a ninety-seven acre parcel of land purchased by Fore, LLC that contained Rivermeadow Golf Course, and a three-acre parcel of land purchased by Hooded Merganser, LLC for condominium development (collectively "Property"). The Contract also

1

included the purchase and sale of certain business equipment necessary to run a golf course.

Robert Adam is the managing partner of Fore, LLC and a partner in Hooded Merganser, LLC. Robert and Judith Adam allegedly personally guaranteed the Contract. Party-in-Interest Craig Jones holds an attachment on the Property and Parties-in-Interest Richard and Gloria Dennison hold the first mortgage on the Property.

Prior to selling the Golf Course, it was run and operated by RJ Golf. Two other lawsuits are pending on matters surrounding the Contract. Shortly before RJ Golf brought this suit, Fore, LLC brought suit against RJ Golf for certain alleged misrepresentations in the Contract, and Party-in-Interest Craig has brought suit against Fore, LLC on the attachment.

RJ Golf was a New Hampshire limited liability company. It is undisputed that in September 2005, RJ Golf was administratively dissolved for failing to file its annual reports after November 2003. Defendants assert that RJ Golf's authority to do business in Maine was revoked in August 2001.

## DISCUSSION

### I. Motion to Dismiss

#### a. Standard of Review

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. Because the Court reviews the complaint in the light most favorable to the plaintiff to ascertain whether it properly sets forth elements of a cause of action, "the material allegations of the complaint must be taken as admitted." *Id.* ¶ 5, 707 A.2d at 85. "We determine whether the complaint 'sets forth elements of a cause of action or alleges facts

2

that would entitle the plaintiff to relief pursuant to some legal theory.'" *Doe v. District Attorney*, 2007 ME 139, ¶ 20, __ A.2d __ (*quoting Persson v. Dep't. of Human Servs.*, 2001 ME 124, ¶ 8, 775 A.2d 363, 365). Dismissal is warranted only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts" that might be proved in support of the claim. *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246.

### b. Authority to Bring Suit

Defendants' assert that RJ Golf lacks the authority to bring suit under Maine law. It is conceded that RJ Golf is a foreign limited liability company. "Before doing business in this State, a foreign limited liability company must obtain authority to do business from the Secretary of State." 31 M.R.S. § 712 (2007). "Doing business" does not include maintaining or defending a lawsuit. *Id.* Though a foreign limited liability company may maintain a lawsuit, however, it may not bring such action without the authority to do business in the State. 31 M.R.S. § 718(1). Accordingly, if RJ Golf was not authorized to do business in Maine in March 2007, it did not have the authority to bring this action.

Defendants, in their answer, assert that RJ Golf's authority to do business in Maine was revoked in August 2001 and consequently the Court cannot entertain the Complaint. In support of that contention they offer a website printout of the Secretary of State's registry of foreign companies indicating that, as of April 2007, RJ Golf's foreign authority was revoked. This is insufficient to show that, at the time of filing, RJ Golf was not authorized to do business in Maine.[1]

---

[1] The record from the Secretary of State was attached to Defendants' Motion to Dismiss and Opposition to the Motion to Amend. Technically the Court cannot consider such

Defendants also contend that RJ Golf was not a viable entity under New Hampshire law because it was administratively dissolved in 2005. However, under New Hampshire law, a dissolved limited liability company may prosecute and defend suits.[2]

Accordingly, Defendants' motion to dismiss is denied.

## II. Motion to Amend

### a. Standard of Review

A party may amend the party's complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." M.R. Civ. P. 15(a). "Whether to allow a pleading amendment rests with the court's sound discretion." *Holden v. Weinschenk*, 1998 ME 185, ¶ 6, 715 A.2d 915, 917 (*quoting Diversified Foods, Inc. v. First Nat'l Bank of Boston*, 605 A.2d 609, 616 (Me. 1992)). However, "[i]f the moving party is not acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice to the opponent." *Id.* (*quoting* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.4 (2d ed. 1970)).

---

evidence at a motion to dismiss because it asks the Court to look beyond the pleadings. However, even if the Defendants had attached the record to their Answer, it would not have been sufficient to show that RJ Golf was without authority to bring suit in March 2007.

[2] NH RSA 304-C:53(II) states:

> A limited liability company administratively dissolved continues its existence, but may not carry on any business except that necessary to wind up and liquidate its business and affairs under RSA 304-C:56.

NH RSA 304-C:56 states:

> The persons winding up the business or affairs of the limited liability company, in the name of, and for and on behalf of, the limited liability company may: (a) Prosecute and defend suits;

4

b.  Should RJ Golf be Permitted to Amend its Complaint?

This case is in its infancy.  There is no indication that RJ Golf is acting in bad faith or with the intent to delay the action.  Indeed, allowing RJ Golf to amend its complaint will facilitate the process.  Accordingly, because there is no evidence before this Court that RJ Golf was without authority to act at the time of filing, the Motion to Amend the Complaint and Substitute Parties should be granted.

## III.  Motion to Consolidate

The parties have agreed that this matter, Docket No. RE-07-072 should be consolidated with Docket No. CV-07-147 in order to avoid unnecessary costs or delays.


## Therefore, the entry is:

Defendant's Motion to Dismiss is DENIED.

Plaintiffs' Motion to Amend the Complaint and Substitute Parties is GRANTED.

Plaintiff's and Defendants' agreed to Motion to Consolidate Docket No. RE-07-072 with Docket No. CV-07-147 is GRANTED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _____ day of _____ 2008.

Roland A. Cole
Justice, Superior Court

5

CHRISTOPHER RYER ESQ
1050 FOREST AVENUE
PORTLAND ME 04103

*Denison*

JAMES NOUCAS JESQ
500 MARKET STREET SUITE 8
PORTSMOUTH NH 03801

*PJ Gold*

THOMAS HALLETT ESQ
PO BOX 7508
PORTLAND ME 04112

*Ltd appearance au Dy*

.ine 04112-0287

EDWARD MACCOLL ESQ
PO BOX 447
PORTLAND ME 04112

*Jones*