STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-08-29

WILLIAM BAKER, et al.

Plaintiffs

v.                                              **DECISION**

MAINE LAND USE
REGULATION COMMISSION

Respondent

This case is before the court on plaintiffs' M.R. Civ. P. 80C petition for judicial review of the respondent Maine Land Use Regulation Commission (the Commission)'s decision granting a petition for rezoning submitted by TransCanada Maine Wind Development Inc. (TransCanada).

## Facts

On March 5, 2008, the Commission issued a decision granting preliminary approval of a rezoning petition submitted by TransCanada and Plum Creek Maine Timberlands, LLC, allowing for the development of a wind energy plant in Franklin County, Maine. Plaintiffs,[1] seeking to appeal the Commission's decision, attempted to file a petition at the Kennebec County Superior Court on April 14, 2008, the final day of the filing deadline. Because plaintiffs' counsel had not completed and signed a summary sheet however, the plaintiffs were informed that the Clerk was unable to accept the petition. Although the Clerk agreed to retain the petition, plaintiffs were not

---

[1] Although not parties in the original action before the Commission, plaintiffs are "aggrieved" parties within the meaning of 5 M.R.S. §11002. (Pet. for Review of Final Agency Action at 1).

permitted to file, and the Clerk declined to retain the filing fee.[2] The summary sheet was subsequently completed and mailed, along with a Motion to Expand Time, on April 15, 2008.[3] Although plaintiffs mailed the filing fee on April 17, 2008, on April 18, the Clerk, having yet to receive the filing fee, rejected and returned the petition.[4] Finally, on April 23, 2008, the Clerk received the plaintiffs' resubmitted petition.

On May 5, 2008, the court granted plaintiffs' Motion to Expand Time. Thereafter, pursuant to M.R. Civ. P. 7(b)(5), the Commission, joined by TransCanada, filed a motion for reconsideration, or alternatively, relief from the court's order extending time to file pursuant to M.R. Civ. P. 60(b). The Commission and TransCanada also filed a motion to dismiss pursuant to M.R. Civ. P. 12, for failure to comply with the jurisdictional time limits for petitions for judicial review.

## Discussion

The Maine Administrative Procedure Act provides, in pertinent part, that a "person aggrieved [by an agency proceeding] shall have 40 days from the date the decision was rendered to petition for review." 5 M.R.S. § 11002(3) (2007). Plaintiffs, by failing to properly file their petition on April 14, 2008, did not file within the statutorily provided time period. See M.R. Civ. P. 5(f) ("Filings that are received but which . . . are not accompanied at the time of filing by a legally required element, including . . . a filing fee . . . or summary sheet . . . shall be returned by the clerk as incomplete."); M.R. Civ. P. 5(h) ("Any pleading which sets forth a claim for relief . . . shall be accompanied by a properly completed and executed Summary Sheet . . . ."). Although the court granted

---

[2] TransCanada challenges several of plaintiffs' assertions as factually unsupported, including that the Clerk "retained the Petition." (TransCanada Reply Pls.' Opp'n Mot. Dismiss at 3). Because—even assuming that the plaintiffs' assertions are true—the court would reach the same conclusion, the court does not address this issue.

[3] The Commission also alleges that the plaintiffs failed to properly serve the State with the petition for review and failed to provide any notice of the petition or subsequent Motion to Extend Time. (State's Mot. Dismiss ¶ 8). Because the court grants the Commission's motion on other grounds, the court does not reach this issue.

[4] Later that day, the Clerk confirmed receipt of the filing fee. (Pls.' Opp'n Mot. ¶ 7).

the plaintiffs' Motion to Expand Time, the Commission argues that because the Maine APA's filing period is jurisdictional, such a judicial extension of time is impermissible, and the plaintiffs' claim should be dismissed. The court agrees.

The time limitations of the Maine APA are jurisdictional. Brown v. Dep't of Manpower Affairs, 426 A.2d 880, 888 (Me. 1981). Unlike deadlines set by court rule, judicial enlargement of a jurisdictional time period is not permissible. City of Lewiston v. Maine State Employees Ass'n, 638 A.2d 739, 741 (Me. 1994) ("If a party does not file an appeal within the statutory period, the Superior Court has no legal power to entertain the appeal."); Reed v. Halperin, 393 A.2d 160, 162 (Me. 1978) ("enlargement of a statutorily-provided period of appeal is not possible"). Because the Maine APA does not otherwise provide an applicable provision to extend the time limitations for filing, the time period is not subject to judicial enlargement.

The plaintiffs' reliance on Persson v. Dep't of Human Services, 2001 ME 124, 775 A.2d 363, is misplaced. In Persson, a plaintiff incarcerated in Wisconsin mailed a petition for review that failed to include a summary sheet and appropriate court fees. See id. ¶ 15, 775 A.2d at 366. The clerk did not notify the plaintiff that his filing was incomplete for nine days after the petition was received, and the necessary amendments were not made until after the statutory filing deadline. Id. ¶¶ 7 & 14, 775 A.2d at 365-66. Nevertheless, the Court held that the plaintiff was not responsible for his failure to comply with the "pleading summary sheet requirement" because "the 1999 Rules of Civil Procedure in the West publication of the Maine Rules of Court did not include or appropriately reference the filing requirements adopted by the relevant administrative orders that governed the filings in this case." Id. ¶ 13, 775 A.2d at 366. Moreover, the Court found that because "the clerk failed to comply with Rule 5(f)" by not returning the plaintiff's incomplete filing, the plaintiff was "not on notice that his petition was not

on file." Id. ¶ 14, 775 A.2d at 366. Accordingly, although the plaintiff's petition was incomplete as of the filing deadline, the Court determined that, "[i]n these circumstances," the plaintiff's appeal was filed on the date the clerk received his petition. Id. ¶ 15, 775 A.2d at 366.

Here, the plaintiffs are clearly not incarcerated, and the current Rules of Civil Procedure make the filing requirements quite clear. Moreover, although plaintiffs argue that the Clerk "retained the Petition, rather than return[ing] it . . . as incomplete," unlike Persson, the Clerk declined to retain the filing fee and informed the plaintiffs that she was "unable to accept the Petition" until a proper summary sheet was filed. Thus, it cannot be said that, like in Persson, the plaintiffs were "not on notice" that the petition was not properly filed.

Accordingly, not being subject to judicial enlargement, the filing deadline for plaintiffs' petition for review of the Commission's decision expired on April 14, 2008. The plaintiffs have failed to properly file within the requisite time period, and lost their right to appeal the Commission's decision.

The entry is:

> The respondent's motion for reconsideration/relief from the Court's May 5, 2008 Order, and the respondent's motion to dismiss petition for review of final agency action are GRANTED.

August __11__, 2008

Justice Joseph Jabar

**Attorney for Plaintiffs**
Lynne A. Williams
13 Albert Meadow
Bar Harbor, Maine 04609

**Attorneys for Maine Land Use Regulation Commission**
G. Steven Rowe, Attorney General
Amy B. Mills, Asst. Atty. Gen.
Office of Attorney General
6 State House Station
Augusta, Maine 04333

**Attorneys for TransCanada Maine Wind Development Inc.**
Juliet T. Browne
Scott D. Anderson
Verrill Dana, LLP
One Portland Square
Portland, Maine 04112

| Date Filed | 4/18/08 | Kennebec | Docket No. | AP-08-29 |
| | | County | | |

Action Petition For Review
80C

**J. JABAR**

William Baker, et al.                    vs.    Maine Land Use Regulation Commission

| Plaintiff's Attorney | Defendant's Attorney |
| --- | --- |
| Lynne A. Williams, Esq.<br>13 Albert Meadow<br>Bar Harbor, ME 04609 | Julie Browne, Esq. (TransCanada)<br>One Portland Sq.<br>Portland, Maine 04112<br><br>Amy Mills, AAG<br>State House Sta 6<br>Augusta, Maine 04333 |

| Date of Entry | |
| --- | --- |
| 5/2/08 | Petition For Review Of Final Agency Decision, filed 4/18/08. s/Williams, Esq. |
| ---- | Motion To Expand Time To File Petition For Review Of Final Agency Action, filed 4/18/08. s/Williams, Esq. |
| 5/5/08 | ORDER, Jabar, J.<br>Granted.<br>Copies to atty./party |
| 6/6/08 | Transcanada's Notice of Appearance and Statement of Position on Appeal filed on 5/23/08. s/Brown, Esq.<br><br>TransCanada's Motion to Dismiss Petition and Incorporated Memorandum of Law, filed. s/Browne, Esq.<br><br>State's Motion for Reconsideration or Relief From Order and State's Motion to Dismiss Petition for Review, filed on 5/23/08. s/Mills, AAG<br>Proposed Order, filed. |
| 6/12/08 | Opposition to transcanda's motion to dismiss filed by Atty Williams. Certified mail cards filed with serice on Amy Mills, Esq., and Juliet Browne, Esq. |
| 6/11/08 | Motion for enlargement of time to file record filed 6/11/08 by Amy Mills, AAG |
| 6/13/08 | Transcanada's Reply To Plaintiffs' Opposition To Motion To Dismiss, filed. s/Anderson, Esq. |
| 6/16/08 | Opposition to the State's Motion for Reconsideration or Relief from Order and State's Motion to Dismiss Petition, filed. s/ Williams, Esq.(6/9/08) |

Notice of setting for 8/5/08

sent to attorneys of record

| Date of Entry | Docket No. _____ |
|---|---|
| 8/11/08 | DECISION, Jabar, J.<br>The respondent's motion for reconsideration/relief from the Court's May 5, 2008, and the respondent's motion to dismiss petition for review of final agency action are GRANTED.<br>Copies mailed to attys. of record.<br>Copies mailed to repositories. |