STATE OF MAINE                                    SUPERIOR COURT
                                                   CIVIL ACTION
YORK, ss.                                         DOCKET NO. RE-08-90


HASCALL & HALL,

          Plaintiff


          v.                                       ORDER


SACO ISLAND, L.P., et al.,

          Defendants


This case comes before the Court on Defendants' Motion to Dismiss Count I of

the First Amended Complaint, and Plaintiff's Motion to Amend Complaint. Following

hearing, the Motion to Dismiss is Denied and the Motion to Amend is Granted.

## BACKGROUND

Plaintiff Hascall & Hall (hereafter H&H or Plaintiff) is a corporation with a place

of business in Portland, Maine. Second Amended Complaint, ¶ 1. H&H alleges that

they entered into a contract with Defendant Saco Island L.P., which at the time was

acting as an authorized agent of Defendant Saco Island West, LLC, to supply labor,

materials, and equipment to improve two buildings on one parcel of land. Second

Amended Complaint, ¶¶ 6-7. The contracts concerned improvements to two buildings,

Buildings No. 3 and 7., on Saco Island West's property located at 110 Main Street in

Saco, Maine.[1] Second Amended Complaint, ¶ 8. H&H alleges that, pursuant to the

contact with Saco Island West, it supplied labor, materials, and equipment to improve

---

[1]     Plaintiff alleges that these two buildings are "portions of one parcel of real estate, and these buildings are included in the legal description of this same parcel" in the property's deed. Second Amended Complaint, ¶ 9.

the two buildings, and that this work was done with the knowledge and consent of Saco Island West and TD Bank, a party-in-interest to this suit. Second Amended Complaint, ¶ 10.

H&H alleges that the last day of any labor, materials, or equipment was furnished on Building No. 3 was April 22, 2008 and the last day of any labor, materials, or equipment was furnished on Building No. 7 was April 28, 2008. Second Amended Complaint, ¶ 12. H&H alleges that Defendants owes $41,261.92 for the improvements made to these two buildings, and that Saco Island West has refused to make this payment. Second Amended Complaint, ¶¶14-15. Based on this refusal to pay, H&H recorded a Notice of Lien on the property with the York County Registry of Deeds, which covers any buildings, structures, or improvements found thereon, and is now seeking its enforcement in Count I. Second Amended Complaint, ¶¶11, 13.[2]

H&H filed the original complaint on August 21, 2008 seeking the enforcement of the mechanic's lien and alleging breach of written contract and unjust enrichment. On October 8, 2008, H&H filed its first amendment complaint, seeking only to change the original complaint by listing Libco, Inc., as a party-in-interest.

On November 3, 2008, along with an Answer to Plaintiff's Amended Complaint, Defendants filed a motion to dismiss Count I, arguing that this count fails to state a claim upon which relief can be granted because H&H did not follow the statutory

---

[2]     H&H acknowledges that Licbo, Inc., a party-in-interest to this suit, also has a mechanic's lien against this same property, and that this lien has been recorded with the York Country Registry of Deeds. Second Amended Complaint, ¶ 16.

requirements necessary to maintain an action to enforce a mechanic's lien.[3] On December 11, 2008, H&H filed the present motion to amend complaint.[4]

DISCUSSION

I.    Standard of Review

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. Because the Court reviews the complaint in the light most favorable to the plaintiff to ascertain whether it properly sets forth elements of a cause of action, "the material allegations of the complaint must be taken as admitted." *Id.* ¶ 5, 707 A.2d at 85. "We determine whether the complaint 'sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" *Doe v. District Attorney*, 2007 ME 139, ¶ 20, 932 A.2d 552, 558 (*quoting Persson v. Dep't. of Human Servs.*, 2001 ME 124, ¶ 8, 775 A.2d 363, 365). Dismissal is warranted only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts" that might be proved in support of the claim. *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246.

II.   Should Count I be Dismissed Based On Plaintiff's Acknowledged Failure to File a Notice of Lien Within 90 Days of Ceasing Work?

In order to maintain an action seeking to enforce a mechanic's lien, a party must record a notice of lien in the applicable registry of deeds "within 90 days after ceasing to labor, furnish materials or perform services." 10 M.R.S.A. § 3253(1)(A). However, this requirement does not apply "when the labor, materials or services are furnished by a

---

[3]    In their answer, Defendants also asserted several affirmative defenses (including failure to state a claim, failure to perfect mechanics' lien, and breach of contract) and counterclaimed under a theory of breach of contract.

[4]    The second amended complaint, unlike the first two, contains allegations of agency between Saco Island, LP and Saco Island West, LLC, and contains other causes of actions not contained in the first two, among them, *quantum meruit* and violations of Maine's Prompt Pay Act, 10 M.R.S.A. §§ 1111-1120.

contract with the owner of the property affected." 10 M.R.S.A. § 3253(2). Nevertheless, even if §3253(2) applies, a party must file with the court a complaint seeking the enforcement of a lien "within 120 days after the last of the labor or services are performed or labor, materials or services are so furnished." 10 M.R.S.A. § 3255(1).

Here, H&H concedes that it did not file a notice of lien within the 90 day period required by § 3253(1)(A). *See* Plaintiff's Opposition to Defendants' Motion to Dismiss. However, H&H argues that, since the labor, materials, and services it furnished on Defendants' property were provided pursuant to a contract with the owner of the property, namely Saco Island West LLC, that it was not required, under §3253(2) to file a notice of claim within 90 days. Conversely, the Defendants' argue that if one looks at the "unambiguous language" of §3253(2), that it is clear that it *"only* applies when the underlying contract is with the owner of the property affected," and that it does not apply to contracts with "owner's authorized agent, or the owner's representative." *See* Defendants' Opposition to Plaintiff's Motion to Amend Complaint.

In one case, the Maine Law Court recognized that the record supported a finding that a husband has apparent authority to enter into an improvement contract with a company on behalf of his wife, who was the sole owner of the property that was being improved. *See Twin Island Dev. Corp. v. Winchester*, 512 A.2d 319 (Me. 1986). Consequently, the Court held that the construction company, Twin Island, furnished the labor and materials pursuant to a contract with the owner of the property affected, and that, "to enforce its lien, it needed only to commence a lien enforcement action within 120 days after the last of the labor or materials was furnished, 10 M.R.S.A. § 3255(1), by filing a complaint satisfying the pleading requirements of 10 M.R.S.A. § 3257." *Id.* at 322.

Thus, because an authorized agent's consent has been found to be enough to make §3253(2) applicable, and because the question of whether an agency relationship exists is a question of fact, see *Peoples Heritage Sav. Bank v. Pease*, 2002 ME 82, ¶20, 797 A.2d 1270, 1276, at this point, this Court cannot say, as a matter of law, that this case should be dismissed based on H&H's failure to follow §3253(1)(A)'s 90-day filing requirement.[5]

III.   Should Count I, As It Relates To Building No. 3, Be Dismissed Based On H&H's Failure To File A Complaint Seeking Lien Enforcement Within 120 Days Of Its Work Ceasing?

Alternatively, Defendants argue that Count I, as it relates to Building No. 3, should be dismissed because the complaint seeking the enforcement of the lien was not filed within 120 days of the work ceasing on that building as required by § 3255(1).[6] While conceding that the complaint was not filed within 120 days of the work ceasing on that building, H&H argues that dismissal is not warranted because, that while the complaint relates to two distinct buildings, the buildings are part of the same parcel of land, and the court should not "artificially carve out portions of the same real property to create multiple deadlines for the enforcement of a mechanics' lien." See Plaintiff's Opposition to Defendants' Motion to Dismiss.

While the parties entered into two separate contracts, one for each building, this does not change the fact that both buildings are located on the same parcel of land. While the work ceased on one building before the other, in the context of improvements

---

[5]    Defendants' claim that the complaint does not adequately plead a theory of agency, but merely contains a "bald legal conclusion" that Saco Island LP is an agent or alter ego of the owner of the property, Saco Island West, LLC. The complaint, in alleging that there is an agency relationship between these two business entities, has satisfied the requirement of giving fair notice of their claim.

[6]    If taking the allegation in the second amended complaint as true, the complaint was filed 121 days after the work ceased on Building No. 3 and 115 days after work ceased on Building No. 7.

5

to the *entire property*, as described in the deed recorded in the York County Registry of deeds, the work ended on April 28, 2008, the date H&H alleges that it ceased working on Building No. 7. As the complaint seeking to enforce a lien on the *entire property* was filed less than 120 days later, H&H has not violated § 3255(1), and therefore Count I, as it relates to Building No. 3, should not be dismissed.

IV. Plaintiff's Motion to Amend Complaint

A party may amend the party's complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." M.R. Civ. P. 15(a). "Whether to allow a pleading amendment rests with the court's sound discretion." *Holden v. Weinschenk*, 1998 ME 185, P 6, 715 A.2d 915, 917 (quoting *Diversified Foods, Inc. v. First Nat'l Bank of Boston*, 605 A.2d 609, 616 (Me. 1992)). However, "[i]f the moving party is not acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice to the opponent." *Id.* (quoting 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.4 (2d ed. 1970)). A court should deny a motion to amend complaint when the proposed amended complaint would not survive a motion to dismiss. *Glynn v. City of South Portland*, 640 A.2d 1065, 067 (Me. 1994).

Here, the original and first amended complaint did not contain allegations that Saco Island LP was acting as an agent or was an alter ego of the owner of the property, Saco Island West, LLC. As such, they were vulnerable to the Motion to Dismiss. §3253(1)(A). However, because the proposed second amended complaint contains agency/alter ego allegations relating to Saco Island LP and Saco Island West, LLC, such an allegation makes § 3253(1)(A) inapplicable, and therefore Count I of the second amended complaint survives a motion to dismiss because a complaint was filed within 120 days of work ceasing as required by § 3255(1).

Furthermore, as a scheduling order has yet to be issued in this case, it could hardly be argued that allowing the complaint to be amended will prejudice Defendants. Plaintiff's motion to amend is granted.

The entry will be as follows:

The Defendants' Motion to Dismiss is Denied.

The Plaintiff's Motion to Amend is Granted.

The clerk may incorporate this order in the docket by reference.

Dated:      February /2-, 2009

G. Arthur Brennan
Justice, Superior Court

Edwin R. Daggett, Jr., Esq. - PL
Roy T. Pierce, Esq. - DEFS. Saco Island, L.P. & Sacl Island West, LLC
Zachary Greenfield, Esq. - DEF. TD Banknorth, N.A.

7