STATE OF MAINE                                                      SUPERIOR COURT
                                                                    CIVIL ACTION
YORK, ss.                                                           DOCKET NO: AP-10-029
                                                                    GAB - YOR - 3/8/2011

DAVID G. STRACHAN, JR., et al.,

            Plaintiffs

        v.                                            ORDER

KENNEBUNK BOARD OF
ASSESSMENT REVIEW,

            Defendant

        The Kennebunk Board of Assessment Review moves to dismiss plaintiffs David

and Susan Strachan's appeal on the grounds that it was not filed within the thirty-day

period allowed by Maine Rule of Civil Procedure 80B. The court grants the motion for

the following reasons.

## BACKGROUND

        The Strachans requested an abatement of their 2009–2010 real estate taxes, but

were denied. They appealed to the defendant Kennebunk Board of Assessment Review.

The appeal was heard on July 27, 2010. At the close of the hearing and with the

Strachans present, the Board denied their appeal. The Board discussed the contents of

its written decision, and voted to adopt the same at that hearing. The written decision

was dated July 28, 2010, mailed to the Strachans on July 29, 2010, and was received by

them on August 4, 2010.

        The Strachans submitted a notice of appeal to the Superior Court on August 27,

2010. This date was stamped on the filing, but later crossed out because the notice of

appeal was not accompanied by a summary sheet as required by Maine Rule of Civil Procedure 5(h). The court returned the notice of appeal to the Strachans with a Notice of Incomplete Filing dated August 30, 2010. This Notice of Incomplete Filing indicated that the summary sheet was missing, and went on to read: "The attempted filing has not been docketed and the filing is not effective until complete. . . . If there was a deadline for filing, that deadline has NOT changed." (Def.'s Ex. 8.) Consistent with this language, a representative from the clerk's office informed the Strachans that filing the summary sheet after the filing date would not alter the deadline for filing. The Strachans filed a complete notice of appeal with the requisite summary sheet on September 7, 2010.

## DISCUSSION

Rule 80B requires a petitioner to file their notice of appeal or complaint within thirty days after notice of the final agency action of which review is sought. M.R. Civ. P. 80B(b). Time limitations on administrative appeals are mandatory claims-processing rules and cannot be enlarged by the court. *See Persson v. Dept. of Human Services*, 2001 ME 124, ¶ 9, 775 A.2d 363, 365 (addressing appeals brought pursuant to Rule 80C). The Strachans received actual notice of the Board's decision on July 27, 2010, when the Board voted to deny their appeal and adopt the contents of its written decision. The Strachans then had until August 26, 2010, to file their notice of appeal with the Superior Court.

"Filing occurs when the appeal is delivered 'to the court clerk or record custodian for placement into the official record . . . .'" *Id.*, ¶ 12, 775 A.2d at 366 (quoting Black's Law Dictionary 642 (7th ed. 1999)). The Strachans did not attempt to file their notice of appeal until one day after the deadline, August 27, 2010, and this initial filing was incomplete. A complete notice of appeal suitable for placement in the official record was not filed until September 7, 2010.

2

While the court has no power to do so, tolling the start of the appeals period until the Strachans received Board's written decision in the mail would not save their appeal. Assuming that the Strachans did not receive notice of the Board's decision until August 4, 2010, they would have had until September 3, 2010 to file their notice of appeal. Under ordinary circumstances, a complaint missing a summary sheet cannot be "filed" as that term is used in the Rules of Civil Procedure. M.R. Civ. P. 5(f) (describing incomplete papers received by the clerk's office as "attempted filings"); *see Persson*, 2001 ME 124, ¶ 14, 775 A.2d at 366 (petition missing a summary sheet and request for waiver of the filing fee was not placed on file).

An exception to this rule was made in the case of *Persson v. Department of Human Services*, but only because the appellant was incarcerated in federal prison in Wisconsin, the rules governing summary sheets and incomplete filings had not yet been incorporated into the official published Maine Rules of Civil Procedure, and because the clerk waited seven days to inform him that his attempted filing was incomplete and did not then return his petition. *Id.* ¶¶ 13–15, 775 A.2d at 366. Under the circumstances, the Law Court deemed that the appellant's failure to file a complete petition in a timely fashion was not his fault, and held the date of filing to be the date the clerk's office received his incomplete petition. *Id.* ¶ 15, 775 A.2d at 366.

By contrast with the petitioner in *Persson*, the Strachans were present in Maine. The rules governing summary sheets and incomplete filings are published and available, and the Notice of Incomplete Filing sent to the Strachans clearly states that their "attempted filing has not been docketed and the filing is not effective until complete." (Def.'s Ex. 8.) The circumstances of this case do not permit the court to extend the filing date.

3

Finally, the Strachans' appeal is not saved by any statements a representative from the clerk's office may have made. The Strachans claim they were told "that filing the [s]ummary [s]heet after the [thirty] day filing requirement did not affect the original filing date requirement," and that the appeal could not be docketed until the sheet was submitted. (Pl.'s Response at 1.) This statement is correct insofar as the failure to submit a summary sheet did not change the requirement that a complete notice of appeal be filed by August 26, 2010, thirty days after the Strachans had notice of the Board's action. Even if the statement was not correct, "[i]t is axiomatic that persons should not rely on legal advice provided by personnel in the clerk's office." *Medical Mgmt. of New England v. State Tax Assessor*, 2000 Me. Super LEXIS 264 (Nov. 30, 2000) (Marden, J.); *see F.S. Plummer Co. v. Town of Cape Elizabeth*, 612 A.2d 856, 861 (Me. 1992) ("Reliance on oral unauthorized representations of a municipal official . . . is unreasonable as a matter of law.").

The Strachans' September 7, 2010 appeal is untimely. The court does not need to address the additional question of whether it has jurisdiction over the Board, and the Board's pending objection to the current record is moot.

**The entry is:**

The Kennebunk Board of Assessment Review's motion to dismiss is granted.

DATE: 3/8/11

G. Arthur Brennan
Justice, Superior Court

David G. Strachan, Jr., pro-se
Susan E.S. Strachan, pro-se
185 Washington St.
Topsfield, MA    01983

Sally Daggett, Esq.
JENSEN BAIRD GARDNER & HENRY
PO Box 4510
Portland, ME    04112

4