STATE OF MAINE                                 SUPERIOR COURT
CUMBERLAND, ss.                                CIVIL ACTION
                                               DOCKET NO. AP-22-004


ROBERT GRANO,                        )
                                     )
            Petitioner               )
                                     )        ORDER
      v.                             )
                                     )
CITY OF PORTLAND                     )
                                     )
            Respondent               )
                                     )

Before the court is 80B Petitioner Robert Grano's ("Grano") Motion to Extend the

Petitioner's Briefing Deadline, and Motion for Trial. Also before the court is Respondent City of

Portland's ("City" or "Portland") request for dismissal for failure of the Petitioner to confer and

agree on the contents of the administrative record. For the reasons set forth herein, Grano's Motion

to Extend the Petitioner's Briefing Deadline is GRANTED, his Motion for Trial is DENIED, and

the City's request for dismissal is also DENIED.

## FACTUAL BACKGROUND

According to the filings, Robert Grano is a resident of Portland who resides at 547A

Congress St., Unit 4. His 80B Petition challenges the Portland Board of Assessment Review's

decision to uphold the City Assessor's redetermination of his condominium unit's value for

property tax assessment purposes. In his complaint, Grano challenges the Assessor's valuation

methodology, and claims that the assessor's failure to treat his unit in accordance with its unique

character was arbitrary and capricious in nature. Grano filed his 80B petition on January 20th,

REC'D CUMB CLERKS OFC
APR 26 '22 AM8:02

1

2022. He filed his brief along with a "Request for Testimony,"[1] forty three days later, on March 4th, 2022.

On March 17th, 2022, Grano retroactively filed a motion to enlarge the deadline for filing his 80B brief. Four days later, on March 21st, 2022, the City filed their opposition.

## DISCUSSION

Grano's motions and the City's opposition raise three issues: (I) Petitioner's Motion to Extend Briefing Deadline; (II) Petitioner's Motion for a Trial of the Facts; (III) Respondent's Dismissal Request for Failure to Consult in Creation of Administrative Record. The court addresses each issue in turn.

### I.  Petitioner's Motion to Extend Briefing Deadline

"Unless otherwise ordered by the court, all parties to a review of governmental action shall file briefs. The [petitioner] shall file [their] brief within 40 days after the date on which the complaint is filed." M.R. Civ. P. 80B(g). "The filing of pleadings and other papers with the court as required by [the Maine Rules of Civil Procedure] shall be made by filing them with the clerk of the court." M.R. Civ. P. 5(e). In this context, "filing occurs when the [brief] is delivered to the court clerk or record custodian for placement into the official record . . . ." *Persson v. Dep't of Human Servs.*, 2001 ME 124, ¶ 12, 775 A.2d 363 (quoting *Filing*, Black's Law Dictionary (7th ed. 1999)).

A motion to enlarge Petitioner's 80B briefing deadline, filed after the deadline has passed, is governed by M.R. Civ. P. 6(b)(2) which requires "a showing of excusable neglect" for retroactive enlargement. *Haskell v. Phinney*, 460 A.2d 1354, 1360 (Me. 1983). The "standard of excusable neglect is strict," *Young v. Sturdy Furniture Co.*, 441 A.2d 320, 321 (Me. 1982), and

---

[1] As noted below, the Court treats this request for testimony as if it was a Motion for a Trial brought pursuant to M.R. Civ. P. 80B(d).

"can be met only when there are extraordinary circumstances that work an injustice." *Casco Bay Island Transit Dist. v. Pub. Util. Comm'n*, 528 A.2d 448, 451 (Me. 1987). "Although the standard is strict, a court does have some discretion in the enforcement of its procedural rules." *Gregory v. City of Calais*, 2001 ME 82, ¶ 7, 771 A.2d 383.

In this case, Grano filed his 80B Complaint on January 20th, 2022. The briefing schedule issued by the clerk on February 2nd, 2022, stated that Grano's brief was due forty days later, on March 1st. Grano's brief was received by the clerk's office on March 4th, 2022, three days late. Thirteen days later, concerned about the prospect of dismissal of his 80B petition under M.R. Civ. P. 80B(h), Grano then filed a motion seeking retroactive enlargement of the briefing deadline. In order to have the filing deadline retroactively enlarged to cover Grano's late filing, he must make a showing of excusable neglect.

The Court does not accept Grano's general reliance on the Covid-19 pandemic as his excuse for the three day delay in filing.[2] As is mentioned in Grano's Motion, his counsel regularly practices in New Hampshire which has an "e-file" system. The jurisdictional differences between Maine and New Hampshire, without more, is generally not enough to satisfy the strict excusable neglect standard. *See Gregory*, 2001 ME 82, ¶ 8, 771 A.2d 383.

Grano's counsel also asserts that his late filing was attributable to his office's two week closure due to a Covid-19 exposure among his staff. This fact, when considered together Grano's counsel's errorWhen is enough to meet the excusable neglect standard. Grano has shown that he faced substantial impediments to filing his brief in time and that, despite those impediments, he

---

[2] General reliance on the Covid-19 pandemic as an excuse for filing delays, or as a reason for seeking continuance, are no longer sufficient. More than the mere existence of the Covid-19 pandemic must be alleged in order to receive requested relief.

3

made every effort to timely file — an effort which, in his regular jurisdiction of practice, would have been acceptable.

When exercising its discretion enforcing procedural rules, the court may consider whether a late filing caused the opposing party prejudice. *See Gregory*, 2001 ME 82, ¶ 10, 771 A.2d 383. There was no prejudice here. The court declines to dismiss Grano's 80B Petition under Rule 80(b)(h) for Grano's failure to comply with the court's briefing schedule. His retroactive motion to enlarge the deadline for filing his 80B brief is Granted.

## II.    Motion for Trial of the Facts

Attached to Grano's Motion to Extend the briefing deadline, was a "Request for Testimony." For the purposes of this Motion, the court treats Grano's "request" as a Motion for Trial brought pursuant to M.R. Civ. P. 80B(d).

"If the court finds on motion that a party to a review of governmental action is entitled to a trial of the facts, the court shall order a trial to permit the introduction of evidence that does not appear in the record of governmental action and that is not stipulated." M.R. Civ. P. 80B(d). "Such [a] motion shall be filed within 30 days after the complaint is filed . . . and shall [include] a detailed statement, in the nature of an offer of proof, of the evidence that the party intends to introduce at trial." M.R. Civ. P. 80B(d).

Here, Grano's Motion was filed along with his brief, on March 4th, 2022. This was forty three days after the filing of his complaint and thirteen days after thirty day filing deadline imposed by Rule 80B(d). He has not sought to extent that deadline. Furthermore, the statement that was filed did not constitute a "detailed statement . . . of the evidence that the party intends to introduce at trial." M.R. Civ. P. 80B(d). Accordingly, Grano's Motion for Trial is denied.

4

**III. Respondent's Dismissal Request for Failure to Consult in Creation of Administrative Record.**

In the City's opposition to Grano's various motions, they allege that Grano failed to confer with the Respondent and "agree on the record to be filed" as is required by M.R. Civ. P. 80B(e)(2). Such a failure by the Petitioner to meet and agree upon the record "may" serve as a basis for dismissal of the complaint. *See* M.R. Civ. P. 80B(h).

In his reply to the City's opposition, Grano does not refute Portland's allegation of his failure to confer. Thus, the Court acknowledges that the Petitioner likely violated M.R. Civ. P. 80B(e). The City, however, has not shown any prejudice. It is not a case with a complex record. The City is free to supplement the record or object to any part of the record when filing its Brief.

**IV. Conclusion**

80B Petitioner Robert Grano's retroactive Motion to Extend the 80B briefing deadline is granted. He has made a showing of excusable neglect sufficient for his complaint to survive his three day delay in filing and no showing of prejudice. Grano's untimely Motion for Trial is denied, as is the City's request for dismissal premised on Grano's failure to comply with M.R. Civ. P. 80B(e)(2).

**Entry is:**

Petitioner's Motion for Extension of 80B Briefing Deadline is Granted.

Petitioner's Motion for Trial is Denied.

Respondent's Request for Dismissal for Failure to Confer and Agree on the Contents of the Administrative Record is Denied.

Dated: *April 25, 2022*

_____
Thomas R. McKeon
Justice, Maine Superior Court

5