2003 ME 102

**Lori PETERSON, as Mother and Next Friend, and on behalf of Cebrina Fiandaca**

**v.**

**CITY OF BANGOR et al.**

Supreme Judicial Court of Maine.

Argued: April 11, 2003.

Decided: Aug. 6, 2003.

Mark McDonough, (orally), Cuddy & Lanham, Bangor, for the plaintiff.

Paul C. Catsos, (orally), Thompson & Bowie, Portland, for the defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] Lori Peterson, the mother of Cebrina Fiandaca, appeals a summary judgment entered in the Superior Court (Penobscot County, *Hjelm, J.*) in favor of the City of Bangor. Peterson's complaint alleged that the City is liable for an injury Cebrina suffered while playing on the monkey bars located on her school's playground. Peterson contends that the summary judgment was improper because, contrary to the conclusion of the Superior Court, the school playground where Cebrina was injured is an "appurtenance" to the school building, pursuant to 14 M.R.S.A. § 8104–A(2) (2003) of the Maine Tort Claims Act (MTCA). This, contends Peterson, makes the City liable for any negligent acts or omissions in the operation, construction, or maintenance, of those monkey bars that could cause foreseeable harm. She further contends that the City is not protected from liability by discretionary function immunity. We affirm the judgment.

I.

[¶ 2] On October 31, 2000, Anne Davis Griffin and Betsy Beardsley were teachers at the Vine Street Elementary School,

where five-year-old Cebrina attended kindergarten. That same day, Griffin and Beardsley were assigned to supervise the kindergarten students while they awaited the arrival of the school bus. Griffin and Beardsley authorized the children, including Cebrina, to play on a playground located adjacent to the school. Cebrina was injured when she fell from the monkey bars.

[¶ 3] Peterson brought suit against the City on behalf of Cebrina, seeking to recover damages for Cebrina's injuries. In entering a summary judgment for the City, the Superior Court concluded that the playground is not an "appurtenance" to the Vine Street Elementary School pursuant to 14 M.R.S.A. § 8104–A(2), and that the acts of the teachers, while supervising Cebrina and the other students, were discretionary activities protected by discretionary function immunity pursuant to 14 M.R.S.A. § 8104–B(3) (2003). This appeal followed.

## II.

■■■ [¶ 4] On appeal from a grant of summary judgment, we consider only the portions of the record referred to, and the material facts set forth, in the M.R. Civ. P. 56(h) statements to determine whether there was no genuine issue as to any material fact and whether the successful party was entitled to a judgment as a matter of law. *Lightfoot v. S.A.D. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65. We examine the facts in the light most favorable to the nonmoving party. *Id.*

[¶ 5] Peterson first contends that the Superior Court erred in finding the playground was not an appurtenance to the school building. She specifically contends that, because the playground is housed by fencing that surrounds the entire school and is only a short distance from the building itself, the playground is appurtenant to the Vine Street School.

[¶ 6] The MTCA provides governmental entities with absolute immunity from suit for any tort action for damages. 14 M.R.S.A. § 8103(1) (2003).[1] As an exception, however, governmental entities are liable for the negligent "construction, operation or maintenance" of a public building, or any "appurtenance" to that public building.[2] 14 M.R.S.A. § 8104–A(2).[3]

■■ [¶ 7] The Vine Street Elementary School is a "public building" within the meaning of the statute. *See Lynch v. Town of Kittery*, 677 A.2d at 524–25 (Me. 1996). Classifying the playground at issue as an "appurtenance" to the school building would expose the City to potential liability for its negligence in the construction, operation, or maintenance of the playground, including the monkey bars located on the playground. 14 M.R.S.A. § 8104–A(2). This record, however, is devoid of any evidence to support a finding that the City was negligent in the "construction,

---

1. Title 14 M.R.S.A. § 8103(1) (2003) specifically provides:

    Immunity. Except as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages. When immunity is removed by this chapter, any claim for damages shall be brought in accordance with the terms of this chapter.

2. Title 14 M.R.S.A. § 8104–A(2) (2003) provides:

    Public buildings. A governmental entity is liable for its negligent acts or omissions in the construction, operation or maintenance of any public building or the appurtenances to any public building.

3. Title 14 M.R.S.A. further provides, however, in section 8104–B, that notwithstanding the applicability of an exception to immunity, the governmental entity is not liable for a claim that arises from its performance, or non-performance, of a discretionary function.

operation or maintenance" of the playground. 14 M.R.S.A. § 8104–A (2003).[4] Despite Peterson's claim that further discovery would allow her to prove the negligence of the City in the construction, operation, or maintenance of the playground, there is nothing to suggest any negligence in the construction, maintenance, or operation of the monkey bars.

[¶ 8] Even if we concluded that the playground is appurtenant to the school building, Peterson could prevail only by demonstrating some defect in the monkey bars. *Lightfoot*, 2003 ME 24, ¶ 11, 816 A.2d at 66 ("The operation of a public building exception to immunity ... must implicate the physical structure of the public building and involve more than passive conditions."). The decision of the teachers to allow Cebrina to play on the monkey bars is not a sufficient basis to impose liability on the City for Cebrina's injuries. *Cf. id.* ("[Appellant's] assertions focus on the supervision of the students, and not on the State's actual maintenance or operation of the [ ] School building."). Like the plaintiff in *Lightfoot*, Peterson's complaint essentially faults the Vine Street Elementary School's failure to enact a rule or regulation to prohibit the younger children from using the monkey bars while awaiting the school bus. *See id.; see also Jensen v. Augusta Mental Health Inst.*, 574 A.2d 885, 886 (Me.1990) (determining that the practice of monitoring and supervising patients did not fall within the Institute's authority to "operate or maintain its buildings and property"). Accordingly, the teachers' decision to allow Cebrina to play

on the monkey bars is not the operation of an appurtenance to a public building.

[¶ 9] Because the City is not liable for Cebrina's injuries pursuant to section 8104–A(2), we need not address whether the City would be entitled to discretionary function immunity pursuant to section 8104–B(3).

The entry is:

Judgment affirmed.

---

4. Peterson urges us to remand the case on the issue of the City's negligence because, she argues, the issue has not been fully developed and therefore requires further discovery. Rule 56(f) would normally allow for further discovery to determine whether the City is protected by tort claim immunity. *See Selby v. Cumberland County*, 2002 ME 80, ¶¶ 12–13, 796 A.2d 678, 682. The Superior Court, however, expressly noted that Peterson had the opportunity to pursue additional discovery, but failed to do so on either a proper procedural or substantive basis. Peterson has not appealed that ruling.