STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                     Docket No. CV-03-26,
                                                   A MM - PEN - 2/24/2004

AVA and JOHN SPRUCE,              )
                Plaintiffs,       )
                                  )
                                  )
            v.                    )        **ORDER ON SUMMARY JUDGMENT**
                                  )
                                  )
STATE OF MAINE                    )   DONALD L. ~~~~~~~~
DEPARTMENT OF                     )   LAW LI.
TRANSPORTATION,                   )
                Defendant.        )        MAR 8 2004

FILED & ENTERED
SUPERIOR COURT
FEB 24 2004
PENOBSCOT COUNTY

In a series of motions and counter-motions, the parties move for summary judgment in this matter. With a few notable exceptions, the facts are largely undisputed. Plaintiff[1] utilized a rest area on Interstate Highway 95 in Sidney, Maine, on July 10, 2002. Upon leaving the public restroom building, she followed a paved pathway to the parking lot. At the point where the pathway meets the parking lot, she fell. She is uncertain whether her fall was occasioned by a depression in the grassy area adjacent to the pathway or some deteriorated asphalt which created what she characterizes as a pothole. She suffered significant personal injury in the fall.

The parties agree that the Defendant is immune from suit if the fall was caused by some condition which occurred in the grassy area.[2] Alternately, if the fall was occasioned by a defect in the pathway which the Defendant caused or negligently allowed to exist without repair or warning, the court must review 14 MRSA §8104-A to determine whether any basis exists for the Defendant's claim of sovereign immunity.

Ordinarily, a governmental entity is not liable for any defect, lack of repair or lack of sufficient railing in any highway, town way, sidewalk, parking area, causeway, bridge, airport runway or taxiway or in any appurtenance thereto. 14 MRSA §8104-A(4). However, a governmental entity is liable for its negligent acts or omissions in the construction, operation or maintenance of any public building or the appurtenances to any public building. 14 MRSA 8104-A(2).

---

[1] - Although there is a claim for loss of consortium asserted by Plaintiff John Spruce, the court will refer to Ava Spruce as the Plaintiff throughout this Order.

[2] - The Plaintiff has stated that she cannot be certain whether the fall was occasioned by the grassy area or the paved pathway. As both of these potential causes are equally possible, and one indisputably triggers unconditional immunity, Defendant would be entitled to summary judgment. However, the court does not expressly reach this issue as Plaintiff's claim is otherwise barred by the doctrine of sovereign immunity.

In the instant matter, the parties agree that the structure at the rest stop was clearly a public building. Thus the question is presented: is the walkway between the building and the parking lot an appurtenance to the building ? Plaintiff argues that it is.[3] In her Complaint, she alleges: "...[Maine DOT]...breached its duty of care by its failure to properly construct, operate and maintain a public building or the appurtenances thereto, to wit, the pathway between the rest room and the parking lot."

Black's Law Dictionary (7th ed. 1999) defines appurtenance as: "[s]omething that belongs to or is attached to something else." Implicit in this definition and in common usage is the requirement that there be some functional nexus between the principal structure and the appurtenant structure. Mere proximity falls short of the mark. In the final analysis, it is a common sense determination.

Although the Law Court has never offered a definition of appurtenance for the purposes of 14 MRSA §8104, it has rendered decisions which are instructive. See Kitchen v. City of Calais, 666 A.2d 77 (Me. 1995). Swallow v. City of Lewiston, 534 A.2d 977 (Me. 1988), and Fiandaca v. City of Bangor, 2003 ME 102, 831 A.2d 416 (Me. 2003). Unless the adjoining structure has some role in the function or purpose of the principal structure, the Law Court has declined to consider it appurtenant.

In the instant matter, the paved pathway simply provides passage to the rest room building. It is, without doubt, the functional equivalent of a sidewalk. It plays no role in the function, purpose or operation of the actual rest room facility. It has no unique features. Indeed, it is not actually "attached" to the building. It simply ends at the entrance to the facility. Although it probably provides the most convenient method for approaching the building, users of the facility are not bound or required to use it.

Accordingly, under any analysis while viewing the uncontroverted facts in the light most favorable to the Plaintiff, the court cannot find that the paved walkway is an appurtenance to the rest room facility. As this is the only route (as alleged in the Complaint) around the immunity established in 14 MRSA §8104, the court must conclude that the Plaintiff's claim is barred by the doctrine of sovereign immunity. As such, Defendant's Motion for Summary Judgment is granted. Plaintiff's Motion for Summary Judgment is denied.

The Clerk may enter judgment in favor of the Defendant and incorporate this Order upon the docket by reference.

Dated: February 24, 2004

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

---

[3] - A counter-argument (which the Defendant has not tendered) could be made that the walkway is an appurtenance to the parking lot, thus invoking the immunity in 14 MRSA §8104-A(4).

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2003-00026

DOCKET RECORD

AVA SPRUCE  - PLAINTIFF
P O BOX 82
GREENBUSH ME 04467
Attorney for: AVA SPRUCE
AMY FAIRCLOTH
PELLETIER & FAIRCLOTH
43 COLUMBIA STREET
BANGOR ME 04401


JOHN SPRUCE  - PLAINTIFF
P O BOX 82
GREENBUSH ME 04467
Attorney for: JOHN SPRUCE
AMY FAIRCLOTH
PELLETIER & FAIRCLOTH
43 COLUMBIA STREET
BANGOR ME 04401



vs
MAINE DEPARTMENT OF TRANSPORTATION - DEFENDANT

Attorney for: MAINE DEPARTMENT OF TRANSPORTATION
JAMES E SMITH
MAINE DEPARTMENT OF TRANSPORTATION
16 STATE HOUSE STATION
AUGUSTA ME 04333-0016



Filing Document: COMPLAINT
Filing Date: 02/11/2003

Minor Case Type: PROPERTY NEGLIGENCE

## Docket Events:

02/12/2003 FILING DOCUMENT - COMPLAINT FILED ON 02/11/2003

02/12/2003 Party(s):  AVA SPRUCE
          ATTORNEY - RETAINED ENTERED ON 02/11/2003
          Plaintiff's Attorney: AMY FAIRCLOTH

02/12/2003 Party(s):  JOHN SPRUCE
          ATTORNEY - RETAINED ENTERED ON 02/11/2003
          Plaintiff's Attorney: AMY FAIRCLOTH

02/12/2003 Party(s):  MAINE DEPARTMENT OF TRANSPORTATION
          SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 02/11/2003

02/12/2003 Party(s):  MAINE DEPARTMENT OF TRANSPORTATION
          SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 02/07/2003
          AS TO DEFENDANT MAINE DEPARTMENT OF TRANSPORTATION.  (BY:  JAMES E. SMITH, ESQ., CHIEF
          LEGAL COUNSEL MAINE DEPARTMENT OF TRANSPORTATION)

02/12/2003 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 02/12/2003
          TO PLAINTIFF'S ATTORNEY.

02/19/2003 Party(s):  MAINE DEPARTMENT OF TRANSPORTATION
          RESPONSIVE PLEADING - ANSWER FILED ON 02/19/2003