STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
CIVIL ACTION
BANSC-CV-14-200

JOSHUA D. FRASER,

     Plaintiff,

v.

SUPERINTENDING SCHOOL
COMMITTEE OF THE CITY OF OLD
TOWN, et al.

     Defendants.

**DECISION AND ORDER ON
DEFENDANTS' MOTION TO
DISMISS**

This matter is before the Court on Defendants Regional School Unit et al.'s

("Defendants") Rule 12(b)(6) Motion to Dismiss Plaintiff Joshua Fraser's personal injury

suit. The Court held a hearing on the motion on April 27, 2015. Attorney Farr was

present for the Plaintiff, and Attorney McCormick was present for the Defendants.

## FACTS

On December 19, 2012, Joshua Fraser and other students at the Old Town High

School were constructing a shed in their shop class classroom. During construction, an

insulation blower was used to inject cellulose insulation into the shed. It is alleged that

the blower sprayed insulation near Fraser and that as a result he suffered injury.

Fraser brought suit against Regional School Unit No. 34 ("RSU 34"), Stanley

Peterson, and the Maine School Management Association Property and Casualty Trust

Fund ("the Trust"). RSU 34 is a member of the Trust, which provides insurance against

liability for certain claims against the pool's members. Defendants collectively moved to

dismiss Fraser's suit on the basis that it fails to state a claim upon which relief can be

granted.

1

## DISCUSSION

### 1. *Legal Standard*

#### a. Motion to Dismiss

Dismissal of a complaint is proper only when the complaint fails to state a claim for which relief may be granted. *See* M.R. Civ. P. 12(b)(6). A motion to dismiss tests the legal sufficiency of the complaint, *In re Wage Payment Litig. v. Wal-Mart Stores, Inc.*, 2000 ME 162, ¶ 3, 759 A.2d 217, and is a pure question of law. *Persson v. Dep't of Human Servs.*, 2001 ME 124, ¶ 8, 775 A.2d 363, 365. To be sufficient, a complaint need only consist of a short and plain statement of the claim to provide fair notice of the cause of action. *Johnston v. Me. Energy Recovery Co., Ltd. P'ship*, 2010 ME 52, ¶ 16, 997 A.2d 741 (internal quotations omitted). When deciding a motion to dismiss, courts must accept as true all well-pleaded facts in the complaint and construe most favorably to the plaintiff all reasonable inferences that can be drawn from those facts. *McClosky v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006). "A dismissal should only occur when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43, 47 (internal citations omitted). "At this stage of the proceedings, '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005) (internal citations omitted).

### 2. *Analysis*

Defendants argue that Plaintiff is barred from bringing his suit by the Maine Tort Claims Act ("MTCA"), 14 M.R.S. §§ 8101–8118 (2014). Because Plaintiff states a cause

2

of action for which Defendants might not have sovereign immunity, the Court denies Defendants' motion.

### a. MTCA - exceptions

To pursue a claim against a governmental entity, a plaintiff must prove that the government's conduct falls within an exception to the sovereign immunity it enjoys under the MTCA. When the Legislature creates exceptions to sovereign immunity, the Court must construe those exceptions narrowly—in favor of immunity. *Knowlton v. Attorney General*, 2009 ME 79, ¶15, 976 A.2d 973; *see also New Orleans Tanker Corp. v. Dep't of Transp.*, 1999 ME 67, ¶ 5, 728 A.2d 673, 675 (recognizing that the courts "start from the premise that immunity is the rule and exceptions to immunity are to be strictly construed").

First, because Plaintiff's injuries may stem from the school's insulation blower[1], he argues the "vehicles, machinery and equipment" exception to immunity applies. There is no sovereign immunity for injuries arising out of the governmental entity's "ownership, maintenance or use" of any vehicles, machinery and equipment. 14 M.R.S. § 8104–A(1). Subsection G of the exception expansively includes "[o]ther machinery or equipment, whether mobile or stationary." *Id.* § 8104–A(1)(G). However, the caselaw instructs that the "machinery and equipment" exception is not a broad-ranging exception, but is rather limited to tools that present a risk comparable to motor vehicles like cars, planes, and watercraft. *See New Orleans Tanker Corp. v. Dep't of Transp.*, 1999 ME 67, 728 A.2d 673 (government immune for damages resulting from bridge leaf machinery);

---

[1] At the Defendants' invitation, for purposes of this Motion to Dismiss, the Court accepts that Plaintiff will be amending his Complaint to expressly plead that an insulation blower was involved in Plaintiff's injury.

3

*Reid v. Town of Mount Vernon*, 2007 ME 125, 932 A.2d 539 (government immune for damages resulting from dumpster); *Petillo v. City of Portland*, 657 A.2d 325 (Me. 1995) (government immune for damages resulting from golf course watering system). The properties and risks associated with an insulation blower are not known. Therefore, the Court cannot say there is no set of facts under which Fraser's suit may qualify for this exception.

Second, because Fraser was injured in a public school building, while building a shed in class, he invokes the "public buildings" exception in § 8104–A(2). There is no sovereign immunity for injuries arising out of "acts or omissions in the construction, operation or maintenance of any public building or the appurtenances to any public building." *Id.* § 8104–A(2). The Court finds that the Plaintiff has adequately pled that his injuries arose out of acts or omissions in the "construction" of a public building (a shed) and that his injuries were a result of Defendants' negligent "operation or maintenance" of a public building (the school building itself). Especially because school districts must meet occupational air quality standards in their buildings, *see* 26 M.R.S. § 565–B, it would be inappropriate for the Court to find that the Defendants are immune at this motion-to-dismiss stage. *Cf. Bussell v. City of Portland*, 1999 ME 103, 731 A.2d 862 (upholding the trial court's denial of the government's motion to dismiss the plaintiff's claim that governmental immunity did not apply, because the court could not say that the use or operation of the sound system in the building could never constitute the "operation" of a public building).

b. Discretionary function

Defendants further argue that "discretionary function" immunity bars Fraser's

4

claims because the teacher's actions were discretionary in nature.[2] The MTCA reads,

"Notwithstanding [the exceptions in] section 8104–A, a governmental entity is not liable

for any claim which results from: (3) Performing or failing to perform a discretionary

function or duty…." 14 M.R.S. § 8104–B. Particularly with regards to governmental

*employees* the MTCA reads:

> [E]mployees of governmental entities shall be absolutely immune from personal civil liability for the following: (C) Performing or failing to perform any discretionary function or duty, [whenever a discretionary act is reasonably encompassed by the duties of the governmental employee in question,] whether or not the discretion is abused; and whether or not any statute, charter, ordinance, order, resolution, rule or resolve under which the discretionary function or duty is performed is valid.

14 M.R.S. § 8111(1)(C). Exactly *what* actions qualify as "discretionary" involves a

highly fact -specific inquiry.

> Discretionary function immunity is a creature of statute, "intended to provide absolute immunity for acts that are uniquely governmental." *Tolliver* [*v. Dep't of Transp.*], 2008 ME 83, ¶¶ 16, 17, 948 A.2d at 1229. It preserves separation of powers in that it prevents the judiciary from considering tort actions as a means to alter policy decisions vested with the other branches of government. *Id.* ¶ 17, 948 A.2d at 1229. Discretionary function immunity has been applied to "negligence … associated with a plan or policy developed at a high level of government," and to "discretionary decisions that were integral to the accomplishment of a uniquely governmental policy or program." *Id.* ¶¶ 19–20, 948 A.2d at 1230–31; *see also Darling v. Augusta Mental Health Inst.*, 535 A.2d 421 (Me.1987).
>
> Discretionary function immunity, however, is not intended to protect a government entity from liability for "ministerial acts," which are defined as those acts "to be carried out by employees, by the order of others or of the law, with little personal discretion as to the circumstances in which the act is done." *Tolliver,* 2008 ME 83, ¶ 21, 948 A.2d at 1231 (quotation marks omitted). Thus, "in cases where the questioned conduct has little or no purely governmental content but instead resembles decisions or activities carried on by people generally," discretionary function immunity is not afforded. *Id.* (quotation marks omitted). More specifically,

---

[2] The MTCA is structured so that even if the school district might otherwise be liable by virtue of a section 8104–A exception, it may nevertheless qualify for discretionary function immunity.

5

"operational decisions, such as those regarding the safety or maintenance
of premises, fall outside the scope of discretionary function immunity." *Id.*
¶ 22, 948 A.2d at 1231 (quotation marks omitted).

*Jorgensen v. Dep't of Transp.*, 2009 ME 42, ¶¶ 15–16, 969 A.2d 912.

The Law Court has identified four factors to help determine whether discretionary

function immunity shields a governmental entity from tort liability:

> (1) Does the challenged act, omission, or decision necessarily involve a
> basic governmental policy, program or objective? (2) Is the questioned act,
> omission, or decision essential to the realization or accomplishment of that
> policy, program, or objective as opposed to one which would not change
> the course or direction of the policy, program, or objective? (3) Does the
> act omission or decision require the exercise of basic policy evaluation,
> judgment, and expertise on the part of the governmental agency involved?
> (4) Does the governmental agency involved possess the requisite
> constitutional, statutory, or lawful authority and duty to do or make the
> challenged act, omission, or decision?

*Id.* ¶ 17.

The Defendants argue that shop class is essential to the realization or

accomplishment of the basic government policy of educating students in valuable life and

trade skills. School districts certainly must weigh various policy considerations such as

what classes to offer, what teachers to hire, what projects to include within the

curriculum, and what measures to take to ensure student safety. While Mr. Stanley's

actions may be an extension of those decisions, it remains an open question whether the

execution of his responsibilities is discretionary or rather ministerial.

While it is helpful to review the types of activity by governmental employees that

have been ruled to constitute discretionary acts and those that have been found to be

"ministerial", no review is dispositive in the context of the limited facts plead in this case.

The Law Court has made it clear that discretionary function immunity is not

available for "ministerial acts." *See Tolliver,* 2008 ME 83, ¶ 21. "Ministerial acts" are

6

acts that are to be carried out "by employees, by order of others or the law, with little personal discretion as to the circumstances in which the act is to be done." *Id*. When the conduct at issue "has little or no purely governmental content but instead resembles decisions or activities carried on by people generally, there is an objective standard for judgment by the courts and the doctrine of discretionary immunity does not apply." *Rodriguez v. Town of Moose River*, 2007 ME 68, ¶ 22, 922 A.2d 484, 490. Case law has held the following to be ministerial functions:

- The decision of a town clerk to not install a handrail on the stairs to her office, which the court characterized as a decision that closely resembled one made by people generally. *Rodriguez*, 2007 ME 68, ¶¶ 23–24. (The *Tolliver* Court later explained that did it not permit discretionary immunity in *Rodriguez* as that would have given governmental officials immunity for allowing hazardous conditions on property they were required to maintain);

- The actions of employees responsible for laying down striping on the road. *Tolliver*, 2008 ME 83 ¶ 23. The Court in *Tolliver* at ¶ 21 also cited with approval W. Page Keeton, et. al. Prosser and Keeton on the Law of Torts 1040 (5th ed. 1984) suggesting that "planning-level" decisions are entitled to immunity and "operational-level" decisions are not;

- The decisions involved in setting up a construction zone involving the use of flaggers and cones to restrict traffic in the zone to one lane. *Jorgenson v. Dep't of Transp.*, 2009 ME 42, ¶ 19, 969 A.2d 912, 918 (no balancing of public policy considerations was required).

7

- The "everyday non-discretionary operation of governmental motor vehicles, such as routine patrolling" by law enforcement. *Norton v. Hall,* 2003 ME 118, ¶ 14.

On the other hand, discretionary function immunity is available for "discretionary" functions:

- A police officer's decision to initiate and conduct a high speed chase *Selby,* 2002 ME 80, ¶ 10,

- A police dispatcher's failure to inform officers that a person was suicidal. *Doucette v. City of Lewiston,* 1997 ME 157, ¶6, 697 A.2d 1292, 1294,

- An officer's decision to respond in an emergency manner to a particular complaint. *Norton v. Hall et al.,* 2003 ME 118 ¶ 7, 834 A.2d 928, 931,

- An officer's decision not to give a passenger of an arrested person a ride home. *Moore v. City of Lewiston,* 596 A.2d 612, 616 (Me. 1991).

- A Department of Human Services caseworker's decision to not tell prospective foster parents that the foster child they were adopting had made false sexual abuse claims against foster parents in the past. *Polley v. Atwell,* 581 A.2d 410, 413 (Me. 1990).

- In 2002, the Superior Court granted *summary judgment* holding that wrestling drills conducted within the school did not constitute the operation of a public building and that the coach was entitled to discretionary function immunity when one of his players was hurt during practice inside the school. *Lightfoot v. M.S.A.D. # 35,* 2002 WL 1973919 (Me. Super. Ct., June 18, 2012), *aff'd sub nom, Lightfoot et al. v. School*

8

*Admin. Dist No. 35*, 2003 ME 24, 816 A.2d 63. On appeal, the Law Court decided the case on the public building exception, and did not address the "discretionary function" question.

- In 2002, the Superior Court also granted *summary judgment* holding that teachers were entitled to discretionary function immunity when one the students they were chaperoning injured herself in a fall on a playground. *Fiandaca ex rel. Peterson v. City of Bangor*, 2002 WL 1335843 (Me. Super. June 5, 2002), *aff'd sub nom Peterson v. City of Bangor*, 2003 ME 24, ¶ 9, 831 A.2d 416. On appeal, the Law Court decided the case based on the "public building" exception, and did not reach the "discretionary function" question.

A review of the more recent Law Court cases suggests an increasing focus on whether the acts in question involve higher-level "policy-making" decisions in determining whether the acts are "discretionary" or "ministerial". In *Tolliver,* the Court noted the nature of legislative acts, judicial acts, prosecutorial functions, activities of state military forces, and acts for which discretionary immunity applies as being acts that are "uniquely governmental" and require the exercise of "basic policy evaluation, judgment, and expertise". *In Jorgensen,* the Court stated that: "not all decision-making is entitled to discretionary function immunity; only those more significant decisions involving the weighing of competing public policy considerations are entitled to immunity". The Court in *Jorgensen* further noted that the legislative history for the MTCA suggested that the underlying purpose of the discretionary function immunity was to shield the government from "costly liability for public policy decisions for which there is no insurance".

Since the actions the teacher in this case took or did not take are unknown and what caused the alleged release of cellulose insulation into the air is also unknown, it is not possible to determine whether the Defendants are entitled to discretionary immunity.

c. Med Pay

Finally, Fraser claims that he is due $5,000 for medical payments under the Defendant Trust's coverage (insurance policy). The coverage Agreement specifically states: "No coverage applies to any Claim for which there would be immunity under the Maine Tort Claims Act in the absence of coverage". Plaintiff agrees that this language does not expand liability coverage for an act that is immune under the MTCA. *See* 14 M.R.S. § 8116. However, Fraser argues that the Trust policy allows for $5,000 in medical costs to be paid to an injured party "without regard to fault." The Med Pay coverage provision continues and excludes payment for expenses for bodily injury that are "excluded under the General Liability coverage". Whether the Plaintiff is entitled to $5,000 for medical payments must await a determination of whether the Defendants have immunity in this case.

## CONCLUSION

For the foregoing reasons, the Court hereby denies Defendants' motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

The Entry is:
1. Defendants' M.R. Civ. P. 12(b) Motion to Dismiss is **DENIED**.
2. The Clerk shall incorporate this order into the record by reference. M.R. Civ. P. 79.

Dated: July 19, 2015

Ann M. Murray, Justice
Maine Superior Court

10

JOSHUA  D.  FRASER                                                    PL
ATTY  GILBERT, CHARLES III  Tel# (207) 947-2223
ATTY  ADDR: 82 COLUMBIA ST PO BOX 2339 BANGOR ME 04402-2339

SUPERINTENDING SCHOOL COMMITTE OLD TOWN A OUT                         DEF
ATTY  HEWEY, MELISSA   Tel# (207) 772-1941
ATTY  ADDR: 84 MARGINAL WAY SUITE 600 PORTLAND ME 04101-2480

MAINE SCHOOL MANAGEMENT ASSOCIATION PROPERTY                          DEF
ATTY  HEWEY, MELISSA   Tel# (207) 772-1941
ATTY  ADDR: 84 MARGINAL WAY SUITE 600 PORTLAND ME 04101-2480
ATTY  MCCORMICK, JEANA M.   Tel# (207) 772-1941
ATTY  ADDR: 84 MARGINAL WAY SUITE 600 PORTLAND ME 04101-2480


JOSHUA D FRASER VS SUPERINTENDING SCHOOL COMMITTE OLD TOWN SCHOOL DEPT ET AL
UTN:AOCSsr  -2014-0105851                    CASE #:BANSC-CV-2014-00200
-----------------------------------------------------------------------------
REGIONAL SCHOOL UNIT NUMBER 34 AMENDED IN                             DEF
ATTY  HEWEY, MELISSA   Tel# (207) 772-1941
ATTY  ADDR: 84 MARGINAL WAY SUITE 600 PORTLAND ME 04101-2480
ATTY  MCCORMICK, JEANA M.   Tel# (207) 772-1941
ATTY  ADDR: 84 MARGINAL WAY SUITE 600 PORTLAND ME 04101-2480

STANELY PETERSON                                                      DEF
ATTY  HEWEY, MELISSA   Tel# (207) 772-1941
ATTY  ADDR: 84 MARGINAL WAY SUITE 600 PORTLAND ME 04101-2480
ATTY  MCCORMICK, JEANA M.   Tel# (207) 772-1941
ATTY  ADDR: 84 MARGINAL WAY SUITE 600 PORTLAND ME 04101-2480